

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00010-CV
_____

BRENDA RITCHEY, Appellant

V.

STEVE PINNELL AND AMY PINNELL, Appellees

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 2008-195

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

Brenda Ritchey appeals the trial court's order granting Steve and Amy Pinnell's motion for summary judgment. Ritchey purchased a home from the Pinnells which Steve had remodeled prior to the purchase. Steve had purchased the home as an investment[1] intending to remodel the home and resell it. The remodeling included extensive plumbing and electrical work. Although Steve hired a licensed electrician to "move the . . . service line from the front of the house to the -- to the side of the house," Steve did the majority of the electrical work and all of the plumbing himself without a license, without obtaining permits, and without inspections. Ritchey filed suit againt the Pinnells for statutory real estate fraud[2] and breach of contract. After discovery, the Pinnells filed a combination traditional and no-evidence motion for summary judgment. After a hearing,[3] the trial court granted the Pinnells' motion for summary judgment. On appeal, Ritchey argues the trial court erred in granting the motion for summary judgment because the independent investigation for Ritchey did not preclude recovery, the Pinnells made material misrepresentations, the "as is" clause does not prevent recovery for statutory fraud, and there is

---

[1] There is no evidence that Steve ever claimed the house as his homestead.

[2] *See* TEX. BUS. & COM. CODE ANN. § 27.01(a)(1) (Vernon 2009). The reliance and materiality elements of statutory real estate fraud "do not differ from common law fraud." *Fisher v. Yates*, 953 S.W.2d 370, 381 n.7 (Tex. App.—Texarkana 1997), *writ denied*, 988 S.W.2d 730 (Tex. 1998) (per curiam).

[3] The trial court's docket sheet indicates a hearing was held on the motion for summary judgment. The parties have not provided this Court with a reporter's record of the hearing. "In a summary judgment hearing, the trial court's decision is based upon written pleadings and written evidence rather than live testimony." *Paselk v. Rabun*, 293 S.W.3d 600, 610 (Tex. App.—Texarkana 2009, pet. denied). A reporter's record of the hearing is not necessary in summary judgment proceedings. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 n.7 (Tex. 1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979).

some evidence the Pinnells breached the contract. We reverse the trial court's order granting the Pinnells' motion for summary judgment as to the statutory fraud claim because there are genuine issues of material fact and affirm the summary judgment regarding the breach of contract claim.

## I. Factual Summary

Steve testified that he is not a licensed electrician and that he learned how to do electrical work by reading "how-to guides" and "look[ing] at things that were done in my house already." In the seller's disclosure,[4] the Pinnells represented that there were no "alterations or repairs made without necessary permits or not in compliance with building codes in effect at the time." Steve testified in his deposition that he thought he "was doing it properly and that I was doing everything the right way." Steve asserted, "I thought if I owned the home, I could work on anything on my side of the City's box."

The parties signed a standard preprinted form real estate contract. This contract contained a clause that the buyer "accepts the Property in its present condition." After the purchase, Ritchey alleges that she discovered much of the electrical work did not meet code requirements and was

---

[4]The Pinnells argue they were not required to make a seller's disclosure. This is incorrect. The Texas Property Code requires, subject to a few limited exceptions which do not apply here, a number of disclosures, including whether "alterations or repairs [have been] made without necessary permits or not in compliance with building codes in effect at that time." TEX. PROP. CODE ANN. § 5.008(a), (b), (e) (Vernon Supp. 2010) (this statute has been amended since the transaction in question, but none of the amendments are relevant to this appeal); *see Myre v. Meletio*, 307 S.W.3d 839, 843 (Tex. App.—Dallas 2010, pet. filed) ("In the context of a real estate transaction, a seller is under a duty to disclose material facts that would not be discoverable by the exercise of ordinary care and diligence by the purchaser, or that a reasonable investigation and inquiry would not uncover.").

3

performed without the necessary permits.[5]   Ritchey also alleges the water heater is located in the wrong location.[6]   Ritchey was refused an application for a certificate of occupancy.[7]   Eventually, Steve was fined by the Texas Department of Licensing and Regulation for performing electrical repairs without a license.

## II.   Standard of Review

In reviewing an order granting summary judgment, we are restricted to the arguments expressly presented to the trial court in the written motion for summary judgment and the response.   TEX. R. APP. P. 33.1; TEX. R. CIV. P. 166a(c); *see Clear Creek Basin Auth.*, 589 S.W.2d at 677; *Driskill v. Ford Motor Co.*, 269 S.W.3d 199, 206 (Tex. App.—Texarkana 2008, no pet.). In determining whether grounds are expressly presented to the trial court, appellate courts "may not rely on briefs or summary judgment evidence."   *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997).   In our review, we "must review all of the summary judgment grounds on which the trial court actually ruled, whether granted or denied, and which are dispositive of the

---

[5]In her deposition, Ritchey stated that her brother, who is a "journeyman master electrician," informed her of the problems.   Whether the summary judgment evidence is sufficient to establish that the electrical work did not meet code requirements was not challenged by the Pinnells in their motion for summary judgment.   The Pinnells do not contest that repairs were made without necessary permits.

[6]The Pinnells argued in their motion for summary judgment that the water heater's location is no evidence of a defect. Ritchey admitted the water heater is in the same location it was when she purchased the house.

[7]In her summary judgment affidavit, Ritchey states her request for a certificate of occupancy was refused.   In their appellate brief, the Pinnells argue Ritchey did not request a certificate of occupancy until after she had already filed suit.   The record citation provided does not support this allegation, and we have not found any evidence in the record concerning when Ritchey requested a certificate of occupancy.

4

appeal, and may consider any grounds on which the trial court did not rule." *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 5 (Tex. 1999) (citations omitted).

The Pinnells filed a combination traditional and no-evidence motion for summary judgment. A combination motion is permissible under the Texas Rules of Civil Procedure. *Binur v. Jacobo*, 135 S.W.3d 646, 650 (Tex. 2004); *see* TEX. R. CIV. P. 166a. In their written motion for summary judgment, the Pinnells argued there was no evidence of statutory real estate fraud because there was no evidence of a false representation and no evidence Ritchey relied upon a false representation. The Pinnells also argued Ritchey's reliance was negated as a matter of law because she hired an inspector. Last, the Pinnells argued summary judgment should be granted on the breach of contract claim because there was no evidence the Pinnells breached the contract. Although the Pinnells argue on appeal that the "as is" clause of the contract should prohibit recovery for statutory real estate fraud, this argument was not raised in the Pinnells' motion for summary judgment.

To prevail on a traditional motion for summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Clear Creek Basin Auth.*, 589 S.W.2d 671; *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377 (Tex. App.—Texarkana 1989, no writ). The defendant must conclusively negate at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each element of an affirmative defense. *Martinez*,

5

941 S.W.2d at 911. Because the movant bears the burden of proof, all conflicts in the evidence are disregarded, evidence favorable to the nonmovant is taken as true, and all doubts as to the genuine issues of material fact are resolved in favor of the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546 (Tex. 1985); *see Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). A motion for summary judgment must stand on its own merits, and the nonmovant may argue on appeal that the movant's summary judgment proof is insufficient as a matter of law, even if the nonmovant filed no response to the motion. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

To prevail on a no-evidence motion for summary judgment, the movant must first allege there is no evidence of one or more specified elements of a claim or defense on which the nonmovant would have the burden of proof at trial. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *see* TEX. R. CIV. P. 166a(i). If the nonmovant produces less than a scintilla of probative evidence on the specified element, the motion must be granted. *Id*. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc*., 650 S.W.2d 61, 63 (Tex. 1983)).

III.    **Statutory Fraud Claim**

    A.    **Independent Inspection**

The Pinnells argue Ritchey's claims were negated as a matter of law because Ritchey hired an inspector who inspected the premises prior to closing. In her summary judgment affidavit, Ritchey stated that she relied upon the sellers' disclosure in deciding to purchase the house. The Pinnells, though, claim the fact that Ritchey hired an inspector establishes Ritchey did not rely on the disclosure as a matter of law.

The Pinnells rely on *M.L. Mayfield Petroleum Corp. v. Kelly*, which held the reliance element of fraud is negated by evidence that a purchaser relied upon his own investigation. 450 S.W.2d 104 (Tex. Civ. App.—Tyler 1970, writ ref'd n.r.e.). The court held:

> [N]o purchaser who relies on his own investigation may successfully assert that he relied upon representations made to him by his vendor. If a purchaser makes a personal investigation which is free and unhampered and the conditions are such that he must obtain the information he desires, he is presumed to rely upon his own investigation rather than on representations made to him by his vendor.

*Id.* at 110.

In considering the same issue, the Dallas Court of Appeals has taken a different approach. That court has held that an independent inspection negates causation and reliance as a matter of law when the buyer relied solely on the pre-purchase inspection, which revealed the defect complained of, and there is a renegotiation of the sales contract establishing that the existence of the defect was part of the parties' bargain. *See Bernstein v. Thomas*, 298 S.W.3d 817, 822–23 (Tex. App.—Dallas 2009, no pet.); *Kupchynsky v. Nardiello*, 230 S.W.3d 685, 688–89 (Tex. App.—Dallas 2007, pet. denied); *Fernandez v. Schultz*, 15 S.W.3d 648, 652 (Tex. App.—Dallas

7

2000, no pet.); *Dubow v. Dragon*, 746 S.W.2d 857, 860 (Tex. App.—Dallas 1988, no writ). *But see Lesieur v. Fryar*, No. 04-09-00397-CV, 2010 Tex. App. LEXIS 5477 (Tex. App.—San Antonio July 14, 2010, no pet. h.) (rejecting the test announced in *Dubow* and its progeny). We agree with the reasoning of the Dallas court on this issue.

In this case, there is no evidence that Ritchey's inspection revealed the defect complained of. While an independent inspection may discover repairs which do not meet code requirements, we note most physical home inspections are unlikely to discover whether the proper permits were obtained. Further, the evidence establishes there was no renegotiation of the contract based on the results of the inspection. Therefore, the fact that Ritchey hired an inspector does not negate reliance and causation as a matter of law. The fact that Ritchey hired an inspector merely creates a fact issue concerning whether Ritchey relied upon the misstatement that no work was conducted without the necessary permits. Genuine issues of material fact exist concerning whether the fact that Ritchey hired an inspector negated the reliance and causation elements of statutory real estate fraud.

### B. The Effect of the "As Is" Clause

On appeal, the Pinnells argue that the trial court did not err in granting summary judgment because the "as is" clause contained in the contract prohibits recovery for statutory real estate fraud. In *Prudential Insurance Co. of America v. Jefferson Associates, Ltd.*, the Texas Supreme Court concluded an "as is" agreement may negate the element of causation necessary to recover on

8

claims regarding the physical condition of the property, including statutory real estate fraud.[8]  *See*

*Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161 (Tex. 1995).  The

parties in this case executed the standard preprinted "ONE TO FOUR FAMILY RESIDENTIAL

CONTRACT (RESALE)."  This contract provided "Buyer accepts the Property in its present

condition; provided Seller, at Seller's expense, shall complete the following specific repairs and

treatments" with the following addition:  "repair or replace damaged wood on exterior of house as

shown in Exhibit 'A.'"  There is no dispute that this provision qualifies as an "as is" clause.  The

parties, though, dispute whether this "as is" clause bars Ritchey from recovering for statutory real

estate fraud.

Ritchey's brief on appeal alleges the Pinnells' motion for summary judgment alleged that

Ritchey's causes of action "failed because she had accepted the property "as is" in her May 17,

2007, purchase agreement."  The Pinnells did not argue the "as is" clause barred recovery for

---

[8]*Prudential* concerned a commercial real estate transaction where the building was later found to contain asbestos. *Prudential* characterizes "as is" clauses as "facts which negate proof of causation required for recovery." *Prudential*, 896 S.W.3d at 164.  The court reasoned, by agreeing to an "as is" clause, the buyer disclaims the existence of any express or implied warranties, agrees to make his or her own assessment of the bargain, and accepts the risk that the buyer's own assessment may be wrong.  *Id*.  Thus, a valid enforceable "as is" clause negates as a matter of law the possibility that the seller's conduct will cause him or her damage.  *Id*.  The Texas Supreme Court, however, noted that not all "as is" clauses are valid and enforceable.  The court cautioned that an "as is" clause is not enforceable if the seller induced the buyer to enter into the contract by a fraudulent representation or if the seller engaged in conduct that impaired, obstructed, or interfered with the buyer's inspection of the property.  *Id.* at 160–62.  The Texas Supreme Court held that a fraudulent representation occurs when "the maker knew it was false when he made it or made it recklessly without knowledge of the truth."  *Id*. at 163.  Distinguishing misrepresentations from a failure to disclose, the Texas Supreme Court held a party is not liable for failing to disclose a defect unless the party had actual knowledge of the defect.  *Id.*  Finally, other aspects of a transaction may make an "as is" agreement unenforceable. The court should inquire whether the clause "is an important part of the basis of the bargain, not an incidental or 'boiler-plate' provision, and is entered into by parties of relatively equal bargaining position."  *Id.* at 162; *see Kupchynsky v. Nardiello*, 230 S.W.3d 685, 691 (Tex. App.—Dallas 2007, pet. denied).

statutory real estate fraud or cite the *Prudential* line of cases in their motion for summary judgment. Although the Pinnells' motion for summary judgment references the "as is" clause in reference to the breach of contract cause of action, the motion does not advance this argument in the context of statutory real estate fraud.

In reviewing an order granting summary judgment, we are restricted to the arguments expressly presented to the trial court in the written motion for summary judgment and the response. TEX. R. APP. P. 33.1; TEX. R. CIV. P. 166a(c); *see Clear Creek Basin Auth.*, 589 S.W.2d at 677; *Driskill*, 269 S.W.3d at 206. Although the briefs claim the issue was an available ground for summary judgment, we may not rely on the briefs in determining whether grounds are expressly presented to the trial court. *Martinez*, 941 S.W.2d at 912. The failure to raise a ground in a motion for summary judgment precludes summary judgment from being granted on that ground. *See id.*; *Klentzman v. Brady*, 312 S.W.3d 886 (Tex. App.—Houston [1st Dist.] 2009, no pet.). "A motion must stand or fall on the grounds expressly presented in the motion." *McConnell*, 858 S.W.2d at 341.

The record suggests the "as is" clause argument was raised during the hearing on the motion for summary judgment.[9] Summary judgment issues, though, must be presented in writing and may not be presented orally to the trial court. *See Clear Creek Basin Auth.*, 589 S.W.2d at 677 ("To permit 'issues' to be presented orally would encourage parties to request that a court

---

[9]Ritchey's motion for new trial suggests that the Pinnells argued the "as is" clause bars recovery for statutory real estate fraud to the trial court at the hearing on the motion for summary judgment. As noted above, we do not have a reporter's record of the hearing on the motion for summary judgment.

reporter record summary judgment hearings, a practice neither necessary nor appropriate to the purposes of such a hearing."); *see* TEX. R. CIV. P. 166a.

Summary judgment cannot be granted on grounds not properly presented to the trial court in the written motion for summary judgment. Because the Pinnells failed to raise, in their written motion for summary judgment, the issue of whether the "as is" clause negates the statutory real estate fraud causation, summary judgment could not be granted on that ground.

### C.    Knowledge of Misrepresentations

The Pinnells' motion for summary judgment also argued there was no evidence Steve knew the misrepresentation was false and no evidence the alleged misrepresentations induced the sale.

Statutory fraud does not require a declarant to know the misrepresentation to be false in order to be liable for actual damages. *Larsen v. Carlene Langford & Assocs.*, 41 S.W.3d 245, 249 (Tex. App.—Waco 2001, pet. denied); *Brush v. Reata Oil & Gas Corp.*, 984 S.W.2d 720, 726 (Tex. App.—Waco 1998, pet. denied) (The statutory cause of action differs from the common-law fraud "except that the statute does not require proof of knowledge or recklessness as a prerequisite to the recovery of actual damages."). Under Section 27.01(a)(1) of the Texas Business and Commerce Code, a person commits statutory real estate fraud if he or she (1) makes a false representation, (2) of a past or existing material fact, (3) to a person, (4) for the purpose of inducing that person to enter into a contract, and (5) the person relies on that representation in entering into

11

that contract.   TEX. BUS. & COM. CODE ANN. § 27.01(a)(1).   The statute allows recovery of actual damages by the defrauded person.   Thus, Ritchey was not required to present evidence that Steve knew the misrepresentation was false to recover actual damages.[10]

There is some evidence the false representation induced the sale.   The alleged misrepresentation occurred in the sellers' disclosure prior to the sale.   In her summary judgment affidavit, Ritchey states that she "read and relied on the Notice in deciding to enter into the contract pursuant to which I would agree to purchase the home."   She states that Steve "has conceded he had no permits, no code, and no inspections for the work he did."   Further, her affidavit stated she had been unable to obtain an occupancy permit to move into the home.   There is more than a scintilla of evidence the false representation induced the sale.

The trial court erred in granting the Pinnells' motion for summary judgment on the statutory fraud cause of action.

## IV.    Breach of Contract Cause of Action

Ritchey argues that the trial court erred in granting summary judgment on her breach of contract claim because the "Pinnells agreed to sell and Ritchey agreed to purchase a residence suitable for occupancy."   In their motion for summary judgment, the Pinnells alleged the "as is" clause defeats Ritchey's claims and there is no evidence the Pinnells breached the contract.   A

---

[10]Statutory real estate fraud requires actual awareness to recover exemplary damages.   TEX. BUS. & COM. CODE ANN. § 27.01(c).   Because actual knowledge is not required to recover actual damages, it is not necessary for us to decide whether there is some evidence of actual knowledge.

buyer, when purchasing something "as is," agrees to make his or her own appraisal of the bargain and to accept the risk that the buyer may be wrong. *Mid Continent Aircraft Corp. v. Curry County Spraying Serv., Inc.*, 572 S.W.2d 308, 313 (Tex. 1978); *Oakwood Mobile Homes, Inc. v. Cabler*, 73 S.W.3d 363, 370 (Tex. App.—El Paso 2002, pet. denied). "[T]he nature of an 'as is' clause is to avoid the creation of any warranties, express or implied; thus the clause negates such warranties to the extent allowed by law."[11] *Welwood v. Cypress Creek Estates, Inc*., 205 S.W.3d 722, 728 (Tex. App.—Dallas 2006, no pet.). The "as is" clause negates any contractual[12] claims based on defects in the condition of the house. Ritchey agreed to make her own appraisal of the condition of the house and assumed the risk that her appraisal was incorrect. There is no evidence the Pinnells breached the contract. The trial court did not err in granting the Pinnells' motion for summary judgment on the breach of contract claim.

## V.   Conclusion

The Pinnells failed to establish they were entitled to a traditional summary judgment on the statutory real estate fraud cause of action. The fact that Ritchey hired an inspector, standing alone, does not negate reliance or causation. Fact issues exist concerning whether the hiring of an

---

[11]Under certain circumstances, though, an implied warranty cannot be waived. *See Centex Homes v. Buecher*, 95 S.W.3d 266, 274–75 (Tex. 2002) (implied warranty of habitability "can be waived only to the extent that defects are adequately disclosed"); *Humber v. Morton*, 426 S.W.2d 554, 555 (Tex. 1968) (recognizing an implied warranty of habitability for new homes sold by builder); Ritchey does not allege this transaction created implied warranties which could not be waived.

[12]We note "[t]he acts of a party may breach duties in tort or contract alone or simultaneously in both." *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). The applicability of the "as is" clause to a tort claim, under *Prudential*, 896 S.W.2d at 162, differs from its applicability to a breach of contract claim. We have not addressed whether the "as is" clause would bar recovery for a tort claim such as statutory real estate fraud.

inspector negates causation or reliance. The issue of whether the "as is" clause negates causation was not raised by the Pinnells' motion for summary judgment on this issue and, therefore, cannot be a basis for granting summary judgment. The trial court erred in granting summary judgment concerning the statutory real estate fraud cause of action.

Because the "as is" clause negates any contractual claims based on defects in the condition of the house and there is no evidence the Pinnells breached the sales agreement, the trial court did not err in granting summary judgment to the Pinnells on Ritchey's breach of contract claims. We reverse in part and affirm in part. We affirm the portion of the summary judgment rendering the Pinnells a take-nothing judgment on Ritchey's breach of contract claims. We reverse the portion of the summary judgment concerning statutory real estate fraud and remand for further proceedings consistent with this opinion.

Jack Carter
Justice

Date Submitted: August 20, 2010
Date Decided: September 21, 2010

14