

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00068-CV

_____


BRENDA RITCHEY, Appellant

V.

STEVE PINNELL AND AMY PINNELL, Appellees



On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 2008-195



Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Brenda Ritchey purchased a house in Winnsboro, Texas, from Steve and Amy Pinnell pursuant to a sales agreement that provided that Ritchey accepted the property "as is." Prior to sale, Steve (who was licensed neither as a plumber nor an electrician) had remodeled the house, doing most of the electrical work and all of the plumbing work himself without obtaining permits from the City of Winnsboro. After the sale had been completed, Ritchey was unable to obtain a certificate of occupancy from the City because Pinnell's electrical and plumbing work failed to comply with building code requirements. With no such certificate of occupancy, Ritchey was barred by municipal authorities from occupying the house. Ritchey filed suit against the Pinnells for statutory real estate fraud,[1] alleging that the Pinnells' failure to disclose in the statutorily mandated seller's disclosure notice that the repairs to the house made by Steve violated building code requirements amounted to misrepresentation or concealment of a material fact. The Pinnells moved for summary judgment, arguing that the "as is" clause in the purchase agreement defeated the reliance element of statutory real estate fraud. The trial court granted the Pinnells' motion for summary judgment and entered a take-nothing judgment.

On appeal, Ritchey contends that the trial court erred by granting the Pinnells' summary judgment because there is evidence of fraud, thereby negating the "as is" clause.

---

[1]Ritchey also filed a claim for breach of contract, but in *Ritchey v. Pinnell*, 324 S.W.3d 815 (Tex. App.—Texarkana 2010, no pet.), we affirmed the trial court's granting of summary judgment as to the breach of contract claims and reversed the summary judgment as to Ritchey's claims of real estate fraud.

We reverse the summary judgment and remand the case to the trial court for further proceedings because there is evidence that Steve may have known that his repairs failed to meet building code requirements.

The Pinnells' motion for summary judgment was of the "traditional" sort. To prevail on a traditional motion for summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979). To gain a traditional summary judgment, the Pinnells must either conclusively negate at least one element of each of Ritchey's claims for statutory real estate fraud or plead and conclusively establish each element of an affirmative defense to the claim against them. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Because the movant for a summary judgment bears the burden of proof, all conflicts in the evidence are disregarded, evidence favorable to the nonmovant is taken as true, and all doubts as to the genuine issues of material fact are resolved in favor of the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546 (Tex. 1985); *see Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 311 (Tex. 2002); *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).

In her sole point of error, Ritchey argues that the trial court erred by granting the summary judgment because there is evidence of fraud, in that the Pinnells made material misrepresentations

3

in the seller's disclosure notice,[2] and she relied on those misrepresentations in entering into the "as is" sales agreement. In other words, Ritchey maintains that she was fraudulently induced to enter into the purchase agreement that contained the "as is" clause.

Under the terms of the purchase agreement, Ritchey agreed to purchase the property "as is." Citing *Prudential Insurance Co. of America v. Jefferson Assocs., Ltd.*, the Pinnells contend that the "as is" clause in the purchase agreement defeats the reliance element of statutory fraud as a matter of law. 896 S.W.2d 156, 161–62 (Tex. 1995); *Bynum v. Prudential Residential Servs., Ltd. P'ship*, 129 S.W.3d 781, 796 (Tex. App.—Houston [1st Dist] 2004, pet. denied). However, an "as is" clause is not binding on a purchaser if it is the product of a fraudulent representation or concealment of information by the seller. *Prudential Ins. Co. of Am.*, 896 S.W.2d at 161–62. A fraudulent misrepresentation occurs when "the maker knew it was false when he made it or made it recklessly without knowledge of the truth." *Id.* at 163.

The Pinnells' disclosure statement to Ritchey states, in relevant part, that they were unaware of, "[r]oom additions, structural modifications, or other alterations or repairs made without necessary permits or not in compliance with building codes in effect at the time."

It is undisputed that some of the electrical and plumbing work done on the house by Steve were not performed in compliance with the applicable building codes and that the repairs were made without the necessary permits. The Pinnells maintain that the disclosure statement is not a

---

[2]Section 5.008 of the Texas Property Code requires the seller of a residential property to deliver to the potential buyer a seller's disclosure notice describing the character, improvements, and condition of the property. TEX. PROP. CODE ANN. § 5.008 (West Supp. 2011).

4

misrepresentation because, at the time of the disclosure, they were unaware that the statements were false.[3] However, more than a year prior to executing the seller's disclosure as a part of the sale of the house to Ritchey, Steve had applied to the City for a permit to build or repair a fence on a different property in Winnsboro. The application for that building permit was a form which contained a statement that the applicant represented to the City that the applicant was "familiar with all ordinances, rules and regulations of the City of Winnsboro relating to building and premises."[4]

In support of its argument, the Pinnells cite to *Prudential Insurance Co. of America*, where a buyer purchased a commercial building "as is," and later sued the seller, claiming that the seller failed to disclose the presence of asbestos in the building. 896 S.W.2d 156. There was no evidence that the seller was actually aware of the presence of asbestos in the building or that it made an affirmative move to conceal the presence of asbestos. The Supreme Court of Texas held the "as is" clause in the purchase agreement precluded the buyer from proving that the seller's conduct caused the buyer harm because the seller had no duty to disclose facts it did not know and that it could not be liable for failing to disclose what it only should have known. *Id.* at 162.

The Pinnells also cite to *Bynum*, where the sellers sold a house after representing in the seller's disclosure notice that they were unaware of any problems with the house and that no

---

[3]Steve indicated that he believed that permits for such work were not required if the repairs were performed by the owner and that he was unaware that his work did not meet building code requirements.

[4]The statement was not qualified or otherwise limited to the specific subject of the building permit, fencing.

improvements were made without the necessary permits. 129 S.W.3d at 786. The buyers discovered problems with the dwelling's improvements and that those improvements had been made without the necessary permits. *Id.* at 787–88. The trial court held that the "as is" clause in the sales agreement exculpated the sellers even if the sellers had heard of building permits, declined to obtain civic association approval, and had failed to inquire as to the qualifications of the contractor who was used, because there was still insufficient evidence to raise a fact issue regarding whether the sellers had actual knowledge that the remodeling was done without the necessary permits. *Id.* at 791–92.

*Prudential Insurance Co. of America* is distinguishable from the current case because the buyer in this case was clearly and explicitly relying on the seller's disclosure notice, while the buyer in *Prudential* acknowledged purchasing the property while "not relying on any representation, statement or other assertion with respect to the [p]roperty condition, but [was] relying on its examination of the [p]roperty." *Id.* at 160. *Bynum* is also inapplicable to the present case because here there is evidence that the sellers were aware of the city's building ordinances, rules and regulations, and therefore would have been aware of the failure to obtain a permit as well as the work's failure to comply with the building code.

We are required to take all evidence favorable to Ritchey as true and resolve all doubts as to genuine issues of material fact in Ritchey's favor. *Nixon*, 690 S.W.2d 546. Here, Steve's application for a fence permit supports (very slightly) Ritchey's argument that at the time the

6

disclosure notice was made, the Pinnells knew the building ordinances, rules, and regulations, and would have been aware that their disclosure representation regarding the repairs, permits and compliance with building codes was false. "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). Evidence that is "'so weak as to do no more than create a mere surmise or suspicion' that the fact exists" is less than a scintilla. *Kroger Tex.*, *Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006) (quoting *Ford Motor Co.*, 135 S.W.3d at 601). Although the evidence presented by Ritchey is just barely more than a scintilla, we determine that it is enough to create a fact question.

Accordingly, we reverse the summary judgment and remand the case to the trial court for further proceedings.


Bailey C. Moseley
Justice


Date Submitted:     December 12, 2011
Date Decided:       January 10, 2012


7