In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00068-CV

                                                ______________________________

 

 

                                       BRENDA RITCHEY,
Appellant

 

                                                                V.

 

                       STEVE PINNELL AND AMY PINNELL, Appellees

 

 

                                                                                                  


 

 

                                      On Appeal from the 402nd
Judicial District Court

                                                             Wood County, Texas

                                                          Trial Court
No. 2008-195

 

                                                        
                                          

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                                   O P I N I O N

 

            Brenda
Ritchey purchased a house in Winnsboro, Texas, from Steve and Amy Pinnell pursuant to a sales agreement that provided that
Ritchey accepted the property “as is.” 
Prior to sale, Steve (who was licensed neither as a plumber nor an
electrician) had remodeled the house, doing most of the electrical work and all
of the plumbing work himself without obtaining permits from the City of
Winnsboro.  After the sale had been
completed, Ritchey was unable to obtain a certificate of occupancy from the City
because Pinnell’s electrical and plumbing work failed
to comply with building code requirements. 
With no such certificate of occupancy, Ritchey was barred by municipal
authorities from occupying the house.  Ritchey
filed suit against the Pinnells for statutory real
estate fraud,[1]
alleging that the Pinnells’ failure to disclose in
the statutorily mandated seller’s disclosure notice that the repairs to the
house made by Steve violated building code requirements amounted to
misrepresentation or concealment of a material fact.  The Pinnells moved
for summary judgment, arguing that the “as is” clause in the purchase agreement
defeated the reliance element of statutory real estate fraud.  The trial court granted the Pinnells’ motion for summary judgment and entered a take-nothing
judgment.

            On
appeal, Ritchey contends that the trial court erred by granting the Pinnells’ summary judgment because there is evidence of
fraud, thereby negating the “as is” clause. 


            We
reverse the summary judgment and remand the case to the trial court for further
proceedings because there is evidence that Steve may have known that his
repairs failed to meet building code requirements.            

            The
Pinnells’ motion for summary judgment was of the “traditional”
sort.  To prevail on a traditional motion
for summary judgment, a movant must establish that
there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Fort Worth
Osteopathic Hosp., Inc. v. Reese,
148 S.W.3d 94, 99 (Tex. 2004); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671 (Tex. 1979).  To gain a traditional summary judgment, the Pinnells must either conclusively negate at least one
element of each of Ritchey’s claims for statutory real estate fraud or plead
and conclusively establish each element of an affirmative defense to the claim
against them.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  Because the movant
for a summary judgment bears the burden of proof, all conflicts in the evidence
are disregarded, evidence favorable to the nonmovant
is taken as true, and all doubts as to the genuine issues of material fact are
resolved in favor of the nonmovant.  Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546 (Tex. 1985); see Limestone Prods. Distrib., Inc. v. McNamara, 71 S.W.3d 308, 311
(Tex. 2002); Rhone–Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223
(Tex. 1999).

            In
her sole point of error, Ritchey argues that the trial court erred by granting
the summary judgment because there is evidence of fraud, in that the Pinnells made material misrepresentations in the seller’s
disclosure notice,[2] and
she relied on those misrepresentations in entering into the “as is” sales
agreement.  In other words, Ritchey
maintains that she was fraudulently induced to enter into the purchase
agreement that contained the “as is” clause.

            Under
the terms of the purchase agreement, Ritchey agreed to purchase the property “as
is.”  Citing Prudential Insurance Co. of America v. Jefferson Assocs., Ltd., the
Pinnells contend that the “as is” clause in the
purchase agreement defeats the reliance element of statutory fraud as a matter
of law.  896 S.W.2d 156, 161–62 (Tex.
1995); Bynum v. Prudential Residential Servs., Ltd. P’ship, 129
S.W.3d 781, 796 (Tex. App.—Houston [1st Dist] 2004, pet. denied).  However, an “as is” clause is not binding on
a purchaser if it is the product of a fraudulent representation or concealment
of information by the seller.  Prudential Ins. Co. of Am., 896 S.W.2d at 161–62.  A fraudulent misrepresentation occurs when “the
maker knew it was false when he made it or made it recklessly without knowledge
of the truth.”  Id. at 163.  

            The
Pinnells’ disclosure statement to Ritchey states, in
relevant part, that they were unaware of, “[r]oom
additions, structural modifications, or other alterations or repairs made
without necessary permits or not in compliance with building codes in effect at
the time.”  

            It
is undisputed that some of the electrical and plumbing work done on the house
by Steve were not performed in compliance with the applicable building codes
and that the repairs were made without the necessary permits.  The Pinnells
maintain that the disclosure statement is not a misrepresentation because, at
the time of the disclosure, they were unaware that the statements were false.[3]  However, more than a year prior to executing
the seller’s disclosure as a part of the sale of the house to Ritchey, Steve
had applied to the City for a permit to build or repair a fence on a different
property in Winnsboro.  The application
for that building permit was a form which contained a statement that the
applicant represented to the City that the applicant was “familiar with all ordinances,
rules and regulations of the City of Winnsboro relating to building and
premises.”[4]  

            In
support of its argument, the Pinnells cite to Prudential Insurance Co. of America,
where a buyer purchased a commercial building “as is,” and later sued the
seller, claiming that the seller failed to disclose the presence of asbestos in
the building.  896 S.W.2d 156.  There was no evidence that the seller was
actually aware of the presence of asbestos in the building or that it made an
affirmative move to conceal the presence of asbestos.  The Supreme Court of Texas held the “as is”
clause in the purchase agreement precluded the buyer from proving that the
seller’s conduct caused the buyer harm because the seller had no duty to
disclose facts it did not know and that it could not be liable for failing to
disclose what it only should have known. 
Id. at 162. 

            The
Pinnells also cite to Bynum, where the sellers sold a house after representing in the
seller’s disclosure notice that they were unaware of any problems with the
house and that no improvements were made without the necessary permits.  129 S.W.3d at 786.  The buyers discovered problems with the
dwelling’s improvements and that those improvements had been made without the
necessary permits.  Id. at 787–88.  The trial
court held that the “as is” clause in the sales agreement exculpated the
sellers even if the sellers had heard of building permits, declined to obtain
civic association approval, and had failed to inquire as to the qualifications
of the contractor who was used, because there was still insufficient evidence
to raise a fact issue regarding whether the sellers had actual knowledge that
the remodeling was done without the necessary permits.  Id.
at 791–92.  

            Prudential Insurance Co. of America is
distinguishable from the current case because the buyer in this case was
clearly and explicitly relying on the seller’s disclosure notice, while the
buyer in Prudential acknowledged
purchasing the property while “not relying on any representation, statement or
other assertion with respect to the [p]roperty
condition, but [was] relying on its examination of the [p]roperty.”  Id.
at 160.  Bynum is also inapplicable to the present case because here there
is evidence that the sellers were aware of the city’s building ordinances,
rules and regulations, and therefore would have been aware of the failure to
obtain a permit as well as the work’s failure to comply with the building code.

            We
are required to take all evidence favorable to Ritchey as true and resolve all
doubts as to genuine issues of material fact in Ritchey’s favor.  Nixon,
690 S.W.2d 546.  Here, Steve’s application
for a fence permit supports (very slightly) Ritchey’s argument that at the time
the disclosure notice was made, the Pinnells knew the
building ordinances, rules, and regulations, and would have been aware that
their disclosure representation regarding the repairs, permits and compliance
with building codes was false.  “A
genuine issue of material fact exists if more than a scintilla of evidence
establishing the existence of the challenged element is produced.”  Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).  Evidence that is “‘so weak as to do no more
than create a mere surmise or suspicion’ that the fact exists” is less than a
scintilla.  Kroger Tex., Ltd. P’ship v. Suberu, 216 S.W.3d
788, 793 (Tex. 2006) (quoting Ford Motor
Co., 135 S.W.3d at 601).  Although
the evidence presented by Ritchey is just barely more than a scintilla, we
determine that it is enough to create a fact question. 

            Accordingly,
we reverse the summary judgment and remand the case to the trial court for
further proceedings. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          December 12, 2011

Date Decided:             January 10, 2012

 











[1]Ritchey
also filed a claim for breach of contract, but in Ritchey v. Pinnell, 324 S.W.3d 815 (Tex. App.—Texarkana
2010, no pet.), we affirmed the trial court’s granting of summary judgment as
to the breach of contract claims and reversed the summary judgment as to
Ritchey’s claims of real estate fraud. 





[2]Section
5.008 of the Texas Property Code requires the seller of a residential property
to deliver to the potential buyer a seller’s disclosure notice describing the
character, improvements, and condition of the property.  Tex.
Prop. Code Ann. § 5.008 (West Supp. 2011).





[3]Steve
indicated that he believed that permits for such work were not required if the
repairs were performed by the owner and that he was unaware that his work did
not meet building code requirements.

 





[4]The
statement was not qualified or otherwise limited to the specific subject of the
building permit, fencing.