# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00448-CV

**Marlonia Ivy, Appellant**

**v.**

**Victor Garcia and Wanda Garcia, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 17-1299-CC2-4, THE HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## MEMORANDUM OPINION

The lawsuit underlying this appeal arises from appellant Marlonia Ivy's purchase of residential property (the "Property") from appellees Victor Garcia and Wanda Garcia. Asserting claims for common-law fraud and violations of the Texas Deceptive Trade Practices Act (DTPA), Ivy contends that the Garcias failed to disclose certain information and made misleading and false statements about the condition of the Property prior to her purchase. After the trial court granted the Garcias' no-evidence motion for summary judgment, Ivy filed her notice of appeal in this Court. Applying the law-of-the-case doctrine, we reverse the summary judgment and remand the case to the trial court for further proceedings.

## BACKGROUND

This is the second appeal arising from Ivy's suit. The first appeal was filed by Ivy after the trial court granted a traditional motion for summary judgment in favor of the Garcias on

the ground that the as-is clause in the parties' purchase contract precluded Ivy's recovery on all of her claims as a matter of law. *See Ivy v. Garcia*, No. 03-18-00545-CV, 2019 Tex. App. LEXIS 6962, at *5-6 (Tex. App.—Austin Aug. 9, 2019, no pet.) (mem. op.). On review, we recognized that a buyer who agrees to purchase something "as is" agrees to make his own appraisal of the bargain and accept the risk that he may be wrong. *Id.* at *6 (citing *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161 (Tex. 1995)). Therefore, as a general rule, an as-is clause in a purchase contract negates the elements of causation and reliance for any DTPA, fraud, or negligence claims relating to the value or condition of the property. *Id.* at *6. A buyer is not bound to an as-is contract, however, if the contract is a product of fraudulent representation or concealment by the seller. *Id.* at *6-7. Thus, as applied to this case, we explained that "Ivy is not bound by the as-is clause if the Garcias intended to induce her into the contract by making a fraudulent misrepresentation or by concealing information and if Ivy relied on the misrepresentation in entering into the as-is contract." *Id.* at *7. "To raise an issue of fact as to the enforceability of the as-is clause in response to the Garcias' motion for summary judgment, Ivy was required to adduce more than a scintilla of evidence to support the claim that she was fraudulently induced to purchase the Property 'as is.'" *Id.*

Based on the summary-judgment record, we determined that Ivy had failed to raise a fact issue as it related to most of the alleged defects that were the basis of her claims. *Id.* at *9 (explaining that "buyer's independent inspection precludes a showing of causation and reliance if the buyer continued to complete the purchase after the inspection revealed the same information that the seller allegedly failed to disclose," (citing, in part, *Williams v. Dardenne*, 345 S.W.3d 118, 125-26 (Tex. App.—Houston [1st Dist.] 2011, pet. denied))). For example, Ivy complained that the Garcias had failed to disclose issues of water penetration, deterioration, and

damage in the roof and attic; water penetration and damage in the master bathroom; and nonfunctioning light fixtures. *Id.* The record established that these defects, and others, had been (1) revealed during an independent inspection of the Property, procured by Ivy during the contract's option period; (2) presented to her in an inspection report; and (3) relied on by Ivy to renegotiate her purchase contract with the Garcias. *Id.* at *9-10. Consequently, to the extent Ivy's claims for DTPA violations, fraud, and misrepresentation were based on these defects, which were identified in the inspection report, we concluded that the claims were defeated as a matter of law. *Id.* at *10.

We also concluded, however, that not all of the defects alleged by Ivy had been revealed by the independent inspection. *Id.* at *11. Specifically, the inspection did not reveal whether a fire had previously occurred or an encroachment existed on the Property. *Id.* An incident report from the local fire department, made part of the summary-judgment record, revealed that there had been a fire on the Property in 2007 and that one of the "owners" of the Property, who at the time were the Garcias, had informed a responding fire department official that "there was a small fire behind the washer and [it] was extinguished." *Id.* In addition, the Garcias indicated in their Seller's Disclosure Notice that they were not aware of any previous fires, and according to Ivy's affidavit, she would not have entered into an as-is purchase contract had she known about the fire. *Id.* at *12; *see* Tex. Prop. Code § 5.008(a) (seller of residential property shall give to purchaser of property written notice as prescribed by statute or substantially similar thereto). "Viewing this evidence in the light most favorable to Ivy," we concluded that Ivy "met her burden to adduce more than a scintilla of evidence to support her claim that she was fraudulently induced to purchase the Property 'as is.'" *Ivy*, 2019 Tex. App. LEXIS 6962, at *12. "Because a genuine issue of material fact exist[ed] as to the enforceability

3

of the as-is clause with respect to Ivy's remaining DTPA, fraud, and misrepresentation claims [i.e., claims related to the fire and the alleged encroachment]," we reversed the trial court's grant of traditional summary judgment and remanded the cause to the trial court for further proceedings consistent with the opinion. *Id.* at *13.

On remand, the Garcias filed a no-evidence motion for summary judgment on Ivy's assertion that she was fraudulent induced to purchase the Property "as is." *See* Tex. R. Civ. P. 166a(i). In their motion, the Garcias asserted that in the absence of any viable claim of fraudulent inducement, Ivy's remaining DTPA, fraud, and misrepresentation claims are barred by application of the as-is clause and that, consequently, final summary judgment in favor of the Garcias on Ivy's remaining claims is proper. After Ivy filed a response to the motion, the trial court granted the Garcias' no-evidence motion for summary judgment. Following a hearing on attorney's fees, the trial court signed a final judgment dismissing Ivy's claims and ordering her to pay in excess of $100,000 in attorney's fees, including "attorney's fees of $47,527.50 and expenses of $509.31 for defending against Plaintiff's claims from the conclusion of the 2018 Appeal through the date of entry of this judgment."

In what are effectively two issues on appeal, Ivy contends that (1) trial court erred in granting the Garcias' no-evidence motion for summary judgment because a material issue of fact exists as to the enforceability of the as-is contract and, specifically, whether it was the product of fraudulent inducement, and (2) the evidence is insufficient to support the trial court's award of attorney's fees and expenses.[1] In response, the Garcias argue that "[a]lthough this court

---

[1] As a pro se litigant, Ivy is held to the same standard as those represented by counsel. *See United Copper Indus., Inc. v. Grissom*, 17 S.W.3d 797, 805 n.6 (Tex. App.—Austin 2000, pet. dism'd). Nonetheless, we liberally construe her brief and address her appellate issues and arguments to the extent we can discern them. *See id.* Applying that standard, these are the only

4

reversed the trial court's original grant of summary judgment based upon the undisclosed alleged fire, it did not make findings that [Ivy] established through summary-judgment evidence each of the requisite elements of a claim of fraud or fraud in the inducement" and that Ivy failed to produce legally sufficient evidence to support these elements.

## ANALYSIS

The issues presented by this appeal implicate the law-of-the-case doctrine. Under this doctrine, a decision rendered in a former appeal is generally binding in a later appeal of the same case. *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 182 (Tex. 2012) (citing *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003)). The doctrine is a court-made doctrine, based on public policy, and aimed at putting an end to litigation. *Briscoe*, 102 S.W.3d at 716. "By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve a uniformity as well as judicial economy and efficiency." *Id.* In addition, the doctrine "discourages parties from relitigating an issue in the hope of finding a more favorably disposed tribunal." *Roman v. Ramirez*, 573 S.W.3d 341, 348 (Tex. App.— El Paso 2019, pet. denied).

The law-of-the-case doctrine does not absolutely bar re-consideration of the same issue in a subsequent appeal. Rather, application of the doctrine lies within the discretion of the appellate court, depending on the particular circumstances of each case. *Gotham Ins. Co. v. Warren E & P, Inc.* 455 S.W.3d 558, 562 n.8 (Tex. 2014); *see City of New Braunfels v. Carowest Land, Ltd.*, 549 S.W.3d 163, 174 (Tex. App.—Austin 2017) (determining that law-of-the-case

---

two issues that we can reasonably discern from Ivy's briefing. To the extent Ivy is attempting to raise other issues, we conclude that she has waived them due to inadequate briefing. *See* Tex. R. App. P. 38.1(i).

doctrine did not preclude appellate court from revisiting its prior conclusion about subject-matter jurisdiction based on previously unraised and unconsidered jurisdictional doctrine), *vacated on other grounds by Carowest Land, Ltd.* v. *City of New Braunfels*, 615 S.W.3d 156 (Tex. 2020). Also, if an appellate court's original decision is clearly erroneous, the original decision is not binding in a subsequent appeal. *Briscoe*, 102 S.W.3d at 716; *see Roman*, 573 S.W.3d at 348 (explaining that "'clearly erroneous' for law-of-the-case purposes, means something more than a mere disagreement with the prior decision").

In Ivy's first appeal, this Court determined that a "genuine issue of material fact exists as to the enforceability of the as-is clause" with respect to alleged defects not identified in the inspection report because Ivy had produced more than a scintilla of evidence to support her assertion that she was fraudulently induced to enter into the as-is contract. *Ivy*, 2019 Tex. App. LEXIS 6962, at *12-13. In the appeal now before us, the Garcias do not contend that our previous decision was "clearly erroneous." *See Briscoe*, 102 S.W.3d at 716. Instead, the Garcias argue that in our prior opinion, we concluded that "there was more than a scintilla to support one of the elements of fraud in the inducement" but left open the possibility of a no-evidence motion as to "the remaining elements" of fraudulent inducement. Specifically, the Garcias contend that this Court determined that there was a genuine issue of material fact as to whether they had "made a material representation that was false" but that we did not determine whether there was any fact issue as to whether (1) the Garcias knew the representation was false or made the representation recklessly (i.e., without knowledge of the truth), and with the intent that Ivy rely on the representation; (2) Ivy reasonably relied on the representation; and (3) Ivy suffered injury as a result. *See JPMorgan Chase Bank, N.A. v Orca Assets G.P.*, 546 S.W.3d 648, 653 (Tex. 2018) (summarizing elements of claim for simple fraud). The Garcias contend in their no-

6

evidence motion for summary judgment and now on appeal that Ivy failed to present evidence sufficient to create a fact issue as to these remaining elements.

The Garcias' interpretation of our prior holding as it relates to Ivy's assertion of fraudulent inducement is incorrect. As previously discussed, in the first appeal, we explained that "Ivy is not bound by the as-is clause if the Garcias intended to induce her into the contract by making a fraudulent misrepresentation or by concealing information and if Ivy relied on the misrepresentation in entering into the as-is contract." *Ivy*, 2019 Tex. App. LEXIS 6962, at *7 (citing *Van Duren v. Chife*, 569 S.W.3d 176, 188 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (party asserting fraudulent inducement was required to show that the other party "made a false material representation, knew it was false when made, intended to induce reliance, and did induce reliance")). The Garcias had moved for traditional summary judgment on the ground that the as-is clause defeated the elements of causation and reliance as a matter of law. *Id.* (citing *Prudential Ins. Co. of Am.*, 896 S.W.2d at 161). Consequently, to defeat the Garcias' motion for summary judgment based on her assertion that the as-is clause was procured by fraud—effectively, a counter defense, Ivy was required to present evidence sufficient to raise a fact issue on each element of fraudulent inducement. *See Trudy's Tex. Star, Inc. v. City of Austin*, 307 S.W.3d 894, 905-06 (Tex. App.—Austin 2010, no pet.) (explaining that when movant seeking traditional summary judgment against other party's cause of action meets its initial burden to conclusively negate at least one element of that cause of action, burden shifts to nonmovant to raise genuine issue of material fact; if nonmovant relies on affirmative defense to meet that burden, "it must present evidence sufficient to raise a fact issue on each element of the affirmative defense").

The evidence presented by Ivy in response to the Garcias' traditional motion for summary judgment, viewed in the light most favorable to Ivy, suggested that (1) the Garcias were aware of a previous fire on the Property but failed to disclose it in the Seller's Disclosure Notice, despite a specific question in the Notice about previous fires, and (2) Ivy would not have entered into the as-is purchase contract had she been made aware of the fire, i.e., she relied on the representation in the Notice.[2]  *Ivy*, 2019 Tex. App. LEXIS 6962, at *12.  In other words, the summary-judgment evidence suggested that the Garcias knowingly misrepresented whether there had previously been a fire on the Property and that Ivy reasonably relied on the misrepresentation by entering into the as-is contract.  *See Van Duren*, 569 S.W.3d at 188.  Although we did not separately discuss whether the evidence was sufficient to raise a fact issue as to whether the Garcias *intended* to induce Ivy's reliance on the as-is clause, we necessarily determined that the evidence was sufficient to support this element by concluding that "Ivy met her burden to adduce more than a scintilla of evidence to support her claim that she was

_____

[2] Without citing any supporting authority, the Garcias also contend that the trial court's grant of summary judgment was proper because Ivy did not present any evidence showing that she "suffered a pecuniary injury as a result of" relying on the Garcias' alleged misrepresentation. When fraudulent inducement is asserted as a counter defense to an as-is clause, the claimant establishes "reliance" and "injury" by showing that she would not have entered into the as-is contract but for the alleged misrepresentation or fraudulent nondisclosure. *See Larsen v. Carlene Langford & Assoc.*, 41 S.W.3d 245, 253 (Tex. App.—Waco 2001, pet. denied) ("To successfully raise the counter-defense of fraudulent inducement, the buyer must present some summary judgment evidence that 'but for' the representations of the seller regarding the condition of the subject of the contract, the buyer would not have assented to a contract that contained an 'as is' clause."); *Williams v. Dardenne*, 345 S.W.3d 118, 25-26 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (explaining that reliance in context of fraudulent inducement, requires evidence that claimant would not have entered into contract but for alleged misrepresentation or nondisclosure).  We disagree with the Garcias' contention that, in this context, the claimant must also present evidence of a pecuniary injury resulting from that reliance.  Although Ivy must establish that she sustained damages to ultimately succeed on her claims for affirmative relief, the Garcias did not move for summary judgment on that or any other element of Ivy's underlying substantive claims.

fraudulently induced to purchase the property 'as is.'" *See Trudy's Tex. Star*, 307 S.W.3d at 905-906; *see also Ritchey v. Pinnell*, 357 S.W.3d 410, 412-13 (Tex. App.—Texarkana 2012, no pet.) (because evidence suggested that seller was aware that plumbing and electrical work violated permit and code requirements and failed to disclose same, buyer met burden to create fact issue as to enforceability of as-is clause); *Springs Window Fashions Div., Inc. v. Blind Maker, Inc.*, 184 S.W.3d 840, 880 (Tex. App.—Austin 2006, pet. granted, judgm't vacated w.r.m.) (noting that fraudulent intent may be established by either direct or circumstantial evidence, and that "[i]ntent tends to be a fact question uniquely within the realm of the trier of fact because it so depends on the credibility of witnesses and the weight given to their testimony").

We previously determined that Ivy met her burden to adduce more than a scintilla of evidence to support her assertion that she was fraudulently induced to purchase the property as-is. *Ivy*, 2019 Tex. App. LEXIS 6962, at *13. Our decision was not clearly erroneous and was based on the same record and argument as that presented now in this appeal. Under the circumstances, we conclude that the law-of-the-case doctrine applies and precludes reconsideration of whether there is a genuine issue of material fact as to whether Ivy was fraudulently induced to purchase the Property "as is." Consequently, the trial court erred in dismissing Ivy's remaining DTPA, fraud, and misrepresentation claims on the ground that they are barred by application of the as-is clause in the parties' purchase contract. Because the trial court's award of attorney's fees and expenses is predicated on the Garcias' status as the prevailing parties under the purchase contract, we also reverse the trial court's award of attorney's fees and expenses.

9

## CONCLUSION

We reverse the trial court's final judgment and remand for further proceedings.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Reversed and Remanded

Filed:   January 21, 2022