# Court of Appeals
## Tenth Appellate District of Texas

═══════════════

### 10-24-00197-CV

═══════════════

In the Interest of A.A.C.C., a Child

═══════════════

On appeal from the
74th District Court of McLennan County, Texas
Judge Gary R. Coley, presiding
Trial Court Cause No. 2023-3336-3

═══════════════

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

Appellant filed a petition for bill of review with the trial court on December 8, 2023, that challenged the trial court's July 26, 2022 final order terminating Appellant's parental rights to A.A.C.C.  Appellant contends on appeal that the trial court erred in granting the Texas Department of Family and Protective Services' (the Department) traditional motion for summary judgment based on the six-month time bar provided for in section 161.211(a) of the Texas Family Code.  We affirm the trial court's summary judgment dismissing Appellant's petition for bill of review.

Factual and Procedural Background

On June 26, 2020, the Office of the Attorney General filed a Petition to Establish the Parent-Child Relationship in the 414th District Court that named Appellant as the father of A.A.C.C. A hearing on the petition was conducted on November 5, 2020, and the associate judge of the 414th District Court signed a written order on May 26, 2022, that established the parent-child relationship between Appellant and A.A.C.C.

On July 2, 2021, the Department filed a petition to terminate Mother's and Appellant's parental rights to A.A.C.C. in the 74th District Court. The petition for termination named Appellant as the "alleged" father of A.A.C.C. On July 26, 2022, the associate judge of the 74th District Court signed a final order terminating Appellant's parental rights to A.A.C.C. Appellant did not timely appeal from the order terminating his parental rights, but on December 8, 2023, he filed an original petition for bill of review in the trial court. The Department filed a traditional motion for summary judgment requesting that the trial court deny or, in the alternative, dismiss Appellant's petition for bill of review. The Appellant did not file a response to the Department's motion for summary judgment. After a hearing, the trial court signed an order granting the Department's traditional motion for summary

judgment and dismissed Appellant's petition for bill of review. Appellant appeals from that order.

## Issues

In five issues, Appellant argues that (1) the evidence is legally and factually insufficient to support the trial court's judgment terminating his parental rights to A.A.C.C.; (2) the trial court failed to appoint him an attorney for the termination proceeding; (3) the waiver of service he signed in the termination proceedings is invalid; (4) the trial court erred in granting the Department's motion for summary judgment under section 161.211 of the Texas Family Code; and (5) the trial court erred in granting the Department's motion for summary judgment because he raised genuine issues of material fact on all elements of his bill of review and because, he was relieved of the burden of showing a genuine issue of material fact on two of the elements of the bill of review because, he was not properly served in the termination proceedings.

1. Authority

We review a trial court's order granting summary judgment *de novo*; in doing so, we indulge every reasonable inference in favor of the nonmovant, resolve any doubts in favor of the nonmovant, and take as true all evidence favorable to the nonmovant. *See Cmty. Health Sys. Pro. Servs. Corp. v.*

*Hansen*, 525 S.W.3d 671, 680 (Tex. 2017). In a traditional summary judgment motion, the movant must state specific grounds, and if the movant conclusively negates at least one essential element of a cause of action or conclusively establishes all the elements of an affirmative defense, the movant is entitled to summary judgment. TEX. R. CIV. P. 166a(c); *see KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). When reviewing a traditional motion for summary judgment, we must determine whether the movant met its burden to establish that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

"If the order granting the summary judgment does not specify the grounds upon which judgment was rendered, we must affirm the summary judgment if any of the grounds in the summary judgment motion is meritorious." *Palacio v. AON Props., Inc.*, 110 S.W.3d 493, 497 (Tex. App.—Waco 2003, no pet.) (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)).

2. Discussion

The trial court terminated Appellant's parental rights to A.A.C.C. as an alleged father under section 161.002(b) of the Texas Family Code. In its motion for summary judgment, the Department argued that Appellant's bill of review

was barred by section 161.211(a) of the Texas Family Code. Section 161.211(a) provides:

> Notwithstanding Rule 329, Texas Rules of Civil Procedure, the validity of an order terminating the parental rights of a person who has been personally served or who has executed an affidavit of relinquishment of parental rights or an affidavit of waiver of interest in a child or whose rights have been terminated under Section 161.002(b) is not subject to collateral or direct attack after the sixth month after the date the order was signed.

TEX. FAM. CODE ANN. § 161.211(a). The Department asserted that "[s]ection 161.211 of the Texas Family Code sets a six-month limitation period for a parent to file a direct or collateral attack on the validity of a [f]inal [o]rder of [t]ermination" and that because Appellant failed to file any challenge prior to the six-month deadline, Appellant's petition for bill of review is barred by the limitations period.

On appeal, Appellant argues that the "trial court erred in granting the Department's motion for summary judgment because [s]ection 161.211 does not bar the bill of review because [Appellant] is an adjudicated father, and the order terminating his parental rights under section 161.002(b)(1) was done by the trial court's mistake in law and facts." Appellant argues that the "evidence in the record is legally and factually insufficient to support a finding of termination of [Appellant's] parental rights under [section] 161.002(b)"

because "[t]he unrefuted evidence is that [Appellant] is an adjudicated parent and could not be terminated under Texas Family Code [section] 161.002(b)."

Issues not expressly presented to the trial court by written answer or response to the motion for summary judgment shall not be considered on appeal as grounds for reversal. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993). A party cannot raise new reasons why a summary judgment should have been denied for the first time on appeal. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979); *Garcia v. Garza*, 311 S.W.3d 28, 44 (Tex. App.—San Antonio 2010, pet. denied). When reviewing an order granting summary judgment, appellate courts are restricted to the arguments expressly presented to the trial court in the written summary judgment motion and the written response to the motion. *Ritchey v. Pinnell*, 324 S.W.3d 815, 821 (Tex. App.—Texarkana 2010, no pet.).

Because Appellant did not file a response to the Department's motion for summary judgment, he may only argue on appeal that the Department's summary judgment evidence is legally insufficient. *See Clear Creek Basin Auth*, 589 S.W.2d at 678–79.

We therefore overrule Appellant's first three issues.

If we were to construe Appellant's fourth and fifth issues as challenges to the legal sufficiency of the summary-judgment evidence, we conclude that

there is legally sufficient evidence to support the trial court's summary judgment. To prevail, the Department needed to establish that (1) the court terminated Appellant's rights under section 161.002(b); and (2) no direct or collateral attack was filed within six months of the termination order. The Department's summary-judgment evidence included the order terminating Appellant's parental rights to A.A.C.C. signed on July 26, 2022, which reflects that the grounds for termination were pursuant to section 161.002(b). At the request of Appellant, the trial court took judicial notice of the contents of the file that included the petition for bill of review which was file marked December 8, 2023. Section 161.211(a) imposes a six-month jurisdictional time bar that cannot be waived. *C.M.C. v. Tex. Dep't of Fam. & Protective Servs.* 696 S.W.3d 185, 190 (Tex. App.—Houston [1st Dist.] 2024, pet. denied, *cert. denied*, 146 S.Ct. 213, 223 L.Ed.2d 72 (2025).

We overrule Appellant's fourth and fifth issues.

## Conclusion

We affirm the trial court's order granting the Department's traditional motion for summary judgment and dismissing Appellant's petition for bill of review.

_____

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED: April 30, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
CV06

