By proper procedure relator seeks to secure his release from the penitentiary and alleges two grounds therefor.

It is set out and shown by evidence that relator was convicted in Cause No. 2829 in the District Court of Karnes County, Texas, under and by virtue of an indictment dated May 18, 1945, charging him with felony theft. The record shows that he pleaded guilty and was by the court found guilty on the 19th day of June, 1945, and assessed a penalty of "confinement in the State Penitentiary for a term of not less than two nor more than five years." This judgment is void as it originally appeared on the record but has been corrected by nunc pro tunc order duly entered.

It is also shown by the record that appellant was convicted in the District Court of Bexar County, Cause No. 48149, on the 21st day of June, 1945, on a charge of forgery. The judgment shows that he pleaded guilty to the court and waived a jury; that he was found guilty as charged "and should be punished by confinement in the State Penitentiary for a term of not less than Two, nor more than Three years." This judgment is void and can not be authority for holding relator in the penitentiary unless it be shown that same has been corrected by nunc pro tunc order entered of record.

Relator further seeks his release by virtue of his claim for credit for time served in the Federal Penitentiary. For the reasons set forth in Ex parte Spears, Tex. Cr.App., 235 S.W.2d 917, this claim is without merit.

 It is the order of the Court that relator's application for discharge be refused in so far as the judgment in the Karnes County cause and his claim for credit because of time served in the Federal Penitentiary are concerned and he is ordered remanded to the penitentiary authorities to serve the term imposed upon him by the conviction in Karnes County, 81st Judicial District Court.

## HENDERSON v. HENDERSON et al.
### No. 6518.

Court of Civil Appeals of Texas. Texarkana.
Jan. 18, 1951.

Waldrop, Shaw & Brown, Henderson, for appellant.

M. H. Barton, Henderson, for appellees.

LINCOLN, Justice.

Appellant brought this suit against appellees in trespass to try title to recover 71 acres of the James Faddis Survey in Rusk County, and for damages for conversion of personal property of the alleged value of $1,020.50 and for exemplary damages. The defendants answered by pleas of not guilty and general and special denials. At the conclusion of the plaintiff's case, and upon motion of the defendants, the court instructed and the jury returned a verdict in favor of the defendants, from which action this appeal results.

Appellant Henry Henderson and appellee R. V. Henderson are brothers. Their mother is Frances Henderson Thurmon, still living but not a party to the suit. Frances was one of eight children, heirs of Alfred and Kizzie Moore, and was the common source of title. Appellant claimed title to the land described in the petition by parol gift from his mother, and in support of such claim he produced testimony showing substantially the following facts:

(1) That in 1932, and prior thereto, Frances Henderson, together with appellant and R. V. Henderson, then about 18 years of age, lived in a house situated on the east side of the land; that appellant left the property that year and rented land from Ed Black about 1½ miles away; that in the latter part of 1932 appellant's mother, who was then in possession of the entire 71 acres, came to see him, and his testimony of the conversation which occurred is here quoted: "She come up there about the last of October (1932) and told me that she wanted me to come back home and take the place and I could have it and she was going to get married and would not need it no more." (This testimony in substance was repeated by him two or three additional times during the trial.)

(2) That appellant accepted the proposition his mother made to him, and immediately moved onto the place, taking possession of the 71 acres; that his mother married Anderson Thurmon in March, 1933, and moved off the premises. (The inference is that she lived on the property until she married, and has not lived there since.)

(3) That the house into which he moved was dilapidated with "not much top on it," and he stayed there one year after which he built a 4-room house on the west side of the place; cleared the land for it, tore down the old house on the east side and used the material in building a barn for himself on the west side, dug a well, made a garden and did some fencing around the whole tract.

(4) That from that time until May, 1949, he and his wife continued to live on the place and in the new house after he built it; that during a portion of that time appellee R. V. Henderson also lived on the property, and that appellant built a house for him; that appellant has paid taxes on the property since 1933.

In Davis v. Douglas, Tex.Com.App., 15 S.W.2d 232, 233 (opinion approved by the

Supreme Court), the requirements of law to establish a parol gift of land are stated as follows:

■ "It is well settled that * * * a parol gift of real estate will be enforced in equity upon establishment of the fact of (1) a present gift; (2) possession under the gift, taken and held by the donee with the consent of the donor; and (3) permanent and valuable improvements made on the premises by the donee, in reliance upon the gift, with the consent or knowledge of the donor." This holding has practically unanimous support in the decisions of Texas.

■ The question for our determination is: Was there sufficient evidence of probative force from which the jury might have found facts establishing a parol gift to appellant from his mother of her interest in the land described in the petition? It is the duty of the court to determine the probative force of the testimony. Waco Drug Co. v. Hensley, Tex.Com.App., 34 S.W.2d 832; Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059. In view of the peremptory instruction we must examine the evidence in the light most favorable to the losing party, in this case, the appellant. If there is any evidence of probative force in favor of the appellant, the instruction was wrong. Every reasonable inference from the testimony must be indulged against the instruction. White v. White, 141 Tex. 328, 172 S. W.2d 295, and authorities there cited. Applying these principles to this case we have reached the conclusion that the evidence above stated, if believed, and inferences reasonably to be drawn therefrom, are sufficient to authorize a jury to find all the fact issues necessary to establish a parol gift from Frances Henderson of her undivided interest in the land to appellant. A very considerable part of the testimony of appellant was denied by appellee R. V. Henderson, but that would not impair nor destroy the right of appellant to have the jury pass upon the facts in evidence.

■ Even if it might be said that appellant's possession under the gift was not ex-

clusive, the fact issues of a parol gift are still present. Davis v. Douglas, supra. Appellant's petition alleged him to be the owner of the entire 71 acres, but that allegation would not prevent him from recovering such undivided interest as his proof might support, Brabson v. Brownfield, Tex. Civ.App., 259 S.W. 251, 253; Hill v. Whitworth, Tex.Civ.App., 162 S.W. 434, error refused; Taylor v. Higgins Oil & Fuel Co., Tex.Civ.App., 2 S.W.2d 288, 296. The only evidence appearing in the record tending to show that appellee R. V. Henderson had any interest in the land was his own testimony that he had bought his mother's interest. The deed conveying such interest to him is not in evidence, nor its date. The evidence shows that at the time of the alleged parol gift Frances Henderson's interest was an undivided one-eighth. If she executed and delivered to appellee R. V. Henderson a deed to an interest in the land, whether an undivided interest or after a partition deed, this would not be effective against appellant if title under the parol gift had already passed her interest to him. It may be that evidence of some nature was presented to the trial judge in the course of the trial that has not found its way into the statement of facts. The appellate court, however, is bound by what appears in the record on appeal, and from that record we have no alternative but to hold that the peremptory instruction was erroneously given, and for that reason we must reverse the judgment of the district court.

We do not wish to be understood as disagreeing with the trial court in his conclusions that the evidence was wholly insufficient to raise the issue of unlawful conversion of property and damages sought therefor, either actual or exemplary, in the present condition of this record. However, we pretermit a discussion of the testimony in this respect in view of our disposition of this appeal.

The judgment of the district court is reversed and the cause is remanded for another trial.

Reversed and remanded.