Rocky SAVAGE and Elena Hope
Savage, Appellants,

v.

Woodrow W. DOYLE and Mary
Ann Doyle, Appellees.

No. 09–04–174 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 2, 2004.

Decided Dec. 16, 2004.

Anne Pickle, Seale, Stover & Bisbey, Jasper, for appellants.

Robert L. Flournoy, Flournoy & Deaton, LLP, Lufkin, for appellees.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

Rocky Savage and Elena Hope Savage appeal a judgment granting summary judgment for the defendants, Woodrow W. Doyle and Mary Ann Doyle, in a dispute arising out of a real estate transaction. We reverse the summary judgment in part and remand for further proceedings consistent with this opinion.

On July 3, 2001, the Doyles and Rocky Savage entered into a contract for deed in which Savage agreed to pay $38,000 for the property. The final payment of $28,000 was due October 10, 2001. The contract required the Doyles to keep the property insured. According to Rocky Savage's affidavit, the house sustained water damage from a water heater malfunction about September 1, 2001. Rocky Savage reported the damage to Woodrow Doyle and asked Doyle to make a claim on his insurance. On October 16, 2001, Rocky Savage executed a quitclaim deed that recited as consideration the cancellation of

the contract for deed. That same day, the Doyles conveyed the property to Elena I. Hope, who is the same person as Elena Hope Savage.[1] The warranty deed from the Doyles to Hope recited as consideration the sum of $28,000 paid by a third-party financier. Several months later, the Savages sued the Doyles for breach of contract for failing to make a timely claim upon the homeowner's policy. They subsequently amended their pleading to add statutory claims for deceptive trade practices and fraud in a real estate transaction. *See* TEX. BUS. & COM.CODE ANN. §§ 17.46(b)(12), (24); 27.01 (Vernon 2002 & Supp.2004). The Savages allegedly discovered extensive previous water damage to the home while they were repairing the damage from the leaking water heater. According to an affidavit filed by Rocky Savage, no claim was made on the insurance until May 17, 2002, and then the claim was denied for untimeliness. The Doyles moved for summary judgment "declaring that the Plaintiffs' claims have been extinguished, released and satisfied" and for recovery of attorney fees. The trial court granted the motion and entered a take-nothing judgment.

In their first issue, appellants contend a material fact issue precludes summary judgment on the breach of contract claim.[2] The motion for summary judgment con-

1. Rocky Savage and Elena Hope Savage allege they are married to each other. The date of their marriage is a fact issue in this case. In his affidavit, Rocky Savage avers they were married when he executed the contract for deed. According to Woodrow Doyle's affidavit, five days after that date, Rocky said he and Elena were not married and were going to be married in Hawaii. Where we refer to Elena Hope Savage by her maiden name, we do so for ease of identification and not because we have determined her marital status at any particular point in time.

2. In a summary judgment case, the issue on appeal is whether the movants met their summary judgment burden by establishing that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). The standards for reviewing summary judgment are: (1) the movants for summary judgment have the burden of showing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movants will be taken as

tends the quitclaim deed executed by Rocky Savage canceled the contract for deed and operated to release all claims arising out of the contract for deed. The Savages argue the quitclaim deed is ambiguous with regard to whether Rocky Savage intended to release his right to seek to enforce a breach of the contract by the appellees, and that his affidavit established an issue for determination by the trier of fact. The appellees contend the quitclaim deed is clear on its face that it cancelled the contract and released any and all claims and rights that Rocky Savage had related to this property.[3]

Whether a contract is ambiguous is a question of law decided by examining the contract as a whole in light of the circumstances present at its execution. *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996). An unambiguous contract can be given a definite or certain meaning as a matter of law, but a contract subject to more than one reasonable interpretation after applying the pertinent rules of construction is ambiguous, and creates a fact issue on the parties' intent. *Id.* "Although oral statements regarding the parties' intentions are inadmissible to vary or contradict the terms of the agreement, the court may examine prior negotiations and all other relevant incidents bearing on the intent of the parties." *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 848 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). Parol evidence is not admissible for the purpose of creating an ambiguity, but if we determine a contract is ambiguous, parol evidence is admissible to resolve the ambiguity. *See National Union Fire Ins. Co.*

*of Pittsburgh, PA v. CBI Indus., Inc.*, 907 S.W.2d 517, 521 (Tex.1995).

A quitclaim deed, such as the instrument executed by Savage, does not establish title but functions s a conveyance of whatever right, title, or interest the grantor possesses at the time of execution. *See Rogers v. Ricane Enters.*, 884 S.W.2d 763, 769 (Tex.1994). In this case, the appellees contend the quitclaim deed operated as a release of claims for breach of contract, deceptive trade practices, and fraud in a real estate transaction. "In order to effectively release a claim in Texas, the releasing instrument must 'mention' the claim to be released. Even if the claims exist when the release is executed, any claims not clearly within the subject matter of the release are not discharged." *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 938 (Tex.1991). "Furthermore, general categorical release clauses are narrowly construed." *Id.* The disputes over water damage and insurance claims are not mentioned in the quitclaim deed, which expressly releases only Savage's claim to an interest in the real property.

The Doyles argue the recited cancellation of the unrecorded contract for deed precludes a later-filed suit for breach of contract because the contract has been cancelled or repudiated. The recital in the quitclaim deed is evidence that the contract for deed has been cancelled by the parties. It was executed contemporaneously with a warranty deed to Elena Hope; thus, the circumstances surrounding the execution of the quitclaim deed also support a conclusion that the parties

true; and (3) every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

3. The issue is confined to the effect the execution of the quitclaim deed had upon the appellants' contract claim, and the merits of the claim for breach of the contract for deed are not before us.

cancelled the contract for deed to Rocky Savage. As the movants for summary judgment, the appellees must establish as a matter of law that Rocky Savage released his breach of contract claim when the parties cancelled the contract. We agree with appellees that the quitclaim deed is not ambiguous, as it clearly states: "for and in consideration of the sum of the cancellation of that one certain unrecorded Contract for Deed ... and other good and valuable consideration...." When the contract was canceled in consideration for the quitclaim deed, the parties' obligations under the contract ended. A cancelled contract is ineffective as a legal obligation. *See Ferguson v. DRG/Colony North, Ltd.,* 764 S.W.2d 874, 887 (Tex.App.-Austin 1989, writ denied). The trial court correctly granted summary judgment on plaintiff's breach of contract claim because the contract was cancelled. Issue one is overruled.

In their second issue, appellants contend the trial court erred in granting summary judgment on their deceptive trade practices claim.[4] As with the breach of contract claim, the appellees moved for summary judgment on the deceptive trade practices claim on the ground that the quitclaim deed cancelled the contract for deed and released all of Rocky Savage's claims against the Doyles. Appellees contend the Savages cannot assert "a claim for ambiguity" in the quitclaim deed because they failed to comply with the pleading requirements of Rule 94 of the Texas Rules of Civil Procedure. As plaintiffs, the Savages were not required to assert affirmative defenses in their petition. We note that the quitclaim deed and the circumstances surrounding its execution were presented to the trial court, as required by the rule on summary judgment procedure. *See* Tex.R. Civ. P. 166a(c). The quitclaim deed does not expressly release the tort claim, and the cancellation of the contract for deed does not necessarily satisfy the tort claim. Rocky Savage's affidavit raises a fact issue on the parties' intent in executing the document; therefore, the trial court erred in granting summary judgment on that ground.

■■■ The motion for summary judgment also argued that the contract for deed contains an "as is" provision that precludes "a claim for some minor property damage."[5] A valid "as is" agreement prevents a buyer from holding a seller liable because the buyer has agreed to take the full risk of determining the value of the purchase and has disclaimed reliance on whatever representations the seller may have made. *See Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.,* 896

---

4. The plaintiffs' petition on this issue alleges the defendants represented that the contract for deed conferred or involved rights or remedies it did not have or involve, and that defendants failed to disclose information concerning the property known to the defendants at the time of the transaction with the intent to induce the plaintiffs into a transaction they would not have entered into had the information been disclosed.

5. The contract for deed provides:
Buyer has examined the property to Buyer's complete satisfaction and knows its condition. In purchasing the property, Buyer relies on Buyer's examination and judgment, not on the representation of any other person as to the value, future value, condition, size, age, use, or any other matter. Buyer acknowledges that in selling the property Seller makes no warrantied [sic] other than title. This contract is the entire and only agreement between Buyer and Seller, and it incorporates all other written, verbal, express, and implied agreements made between any party or any agent of any party to this contract in connection with this transaction. If any provisions in this contract conflict with any provisions in any other instrument, those in this contract shall control.

S.W.2d 156, 161 (Tex.1995). "[W]e do not suggest that an 'as is' agreement can have this determinative effect in every circumstance. A buyer is not bound by an agreement to purchase something 'as is' that he is induced to make because of a fraudulent representation or concealment of information by the seller." *Id.* at 162. "A seller cannot have it both ways: he cannot assure the buyer of the condition of a thing to obtain the buyer's agreement to purchase 'as is', and then disavow the assurance which procured the 'as is' agreement." *Id.* Matters affecting the validity of a disclaimer of reliance include whether the seller obstructed an inspection of the property, whether the clause is an important part of the basis of the bargain or mere boiler-plate, and whether the transaction is between sophisticated parties dealing at arm's length. *Id.* "The contract and the circumstances surrounding its formation determine whether the disclaimer of reliance is binding." *Schlumberger Tech. Corp. v. Swanson,* 959 S.W.2d 171, 179 (Tex.1997). This record reveals an arms' length transaction but provides no information about the relative sophistication of the parties and the negotiation of the contract terms.

 In the context of a summary judgment, a document containing the buyer's disclaimer of reliance conclusively negates the element of reliance. *Procter v. RMC Capital Corp.,* 47 S.W.3d 828, 834 (Tex.App.-Beaumont 2001, no pet.). To avoid summary judgment, therefore, the buyer "must present some summary judgment evidence that 'but for' the representations of the seller regarding the condition of the subject of the contract, the buyer would not have assented to the 'as is' clause in the sales' contract." *Id.* The summary judgment response evidence on the representations regarding the condition of the property must raise a fact issue

on: (1) material representation; (2) falsity; (3) actual knowledge; (4) intent to induce reliance; (5) reliance; and (6) injury. *Id.* at 834–35. In his affidavit, Rocky Savage states that he did not look inside the walls, but that during his inspection of the property he found some spare plywood in the garage and asked Woodrow Doyle why it was there. According to Savage, "Mr. Doyle denied any problems." Savage also relates that while cleaning the water damage from the hot water heater leak, he and Elena discovered additional water damage that "would indicate that the home had been previously damaged extensively." In reply, Woodrow Doyle provided an affidavit in which he states that the water had been turned off for seven months before Savage took possession of the property, and that he had no knowledge of any leak in the water heater. According to Doyle, he and his son had repaired the roof on the house in July 2000, and "there may have been some plywood" there. Doyle stated he "explained that to Mr. Savage before we entered into a contract." Neither affidavit states the matter clearly, but all inferences must be resolved in favor of the non-movant. It appears Savage discovered water damage inside the walls after he executed the contract for deed. Woodrow Doyle admits he assisted his son in a repair to the home in July 2000, and asserts that he reported the roof repair to Savage, but Savage claims Doyle "denied any problems." Doyle was aware of a repair of a condition of the house that could have resulted in water damage inside the walls. Although Doyle claims he disclosed the roof repair, according to Savage's account of their conversation the communication did not occur. If the seller knew a roof repair had been performed and did not disclose that fact to the buyer, that is some evidence from which it might be inferred that the seller was aware that the property had sustained water damage that his work

on the roof corrected and that the seller concealed the water damage. We conclude that the existence of disputed issues of fact precludes resolution of the deceptive trade practices claim through summary judgment, notwithstanding the "as is" clause in the contract for deed. Issue two is sustained.

The final issue addresses the Savages' claim for fraud in a real estate transaction. Appellants contend the motion for summary judgment does not address that claim. The motion refers to the "claim concerning deceptive trade practices" and does not mention the claim asserted under Section 27.01, Business and Commerce Code. Appellees argue their motion for summary judgment asserted the quitclaim deed released all potential claims. We have found that a fact issue precludes summary judgment on that ground. Issue three is sustained.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

DAVID GAULTNEY, Justice, concurring and dissenting.

I concur with the resolution of issue one, but respectfully dissent to the resolution of issues two and three.

The contract, prepared by the plaintiff, provided in part as follows:

5. Buyer has examined the property to Buyer's complete satisfaction and knows its condition. In purchasing the property, Buyer relies on Buyer's examination and judgment, not on the representation of any other person as t the value, future value, condition, size, age, use, or any other matter. Buyer acknowledges that in selling the property Seller makes no warrantied [sic] other than title.

This contract is the entire and only agreement between Buyer and Seller, and it incorporates all other written, verbal, express, and implied agreements made between any party or any agent of any party to this contract in connection with this transaction. If any provisions in this contract conflict with any provisions in any other instrument, those in this contract shall control.

There is no evidence of the cause of the water damage, other than the damage caused by the hot water heater valve which occurred after plaintiff moved into the house. Knowledge of a roof repair cannot be equated with knowledge of water damage. Plaintiff presented no evidence of fraud in the inducement of the "as is" agreement. To the contrary, plaintiff prepared the contract in which he disclaimed reliance on any representation by defendant concerning the condition of the house. In the absence of any evidence of fraud in the inducement of the "as is" agreement, this contractual disclaimer negates any claim that representation about the condition of the house caused damage to plaintiff. I would overrule issues two and three and affirm the trial court's judgment.

STEVE McKEITHEN, Chief Justice, concurring and dissenting.

I concur in the resolution of issues two and three, but respectfully dissent to the overruling of issue one.

In their first issue, the appellants contend a material fact issue precludes summary judgment on the breach of contract claim. The majority is correct when they state: "As the movants for summary judgment, the appellees must establish as a matter of law that Rocky Savage released his breach of contract claim when the parties cancelled the contract." I disagree with the majority's reliance on a rescission case as authority for denying relief in a

suit for breach of contract where the breach occurred prior to cancellation. Absent default on the part of the buyer, the contract is silent regarding the parties' rights upon cancellation of the contract for deed. While it would have been necessary to cancel the contract for deed in order for the Doyles to convey clear title to Hope, it was not necessary for Savage to release a breach of contract claim against the Doyles in order for the Doyles to implement the transaction with Hope. I conclude that the quitclaim deed is ambiguous, as it does not clearly state the grantor's intention to surrender any right other than his claim to title in the real property, and that no other intent is evident from the context of the transaction.

In his affidavit in response to the motion for summary judgment, Rocky Savage avers he executed the quitclaim deed because the property was being conveyed into Elena's name and she was not a party to the contract for deed. He further states that the quitclaim deed was signed for purposes of clearing the title only, and he had no intention of releasing any claims against the Doyles when he signed the quitclaim deed. I conclude that a fact issue on the parties' intent precludes summary judgment on the breach of contract claim. I would sustain issue one and reverse the summary judgment on all claims.