**Opinion filed October 28, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00408-CV

_____

## PAUL STARR AND DANIELLE STARR, Appellants

## V.

## KRISTOPHER SPOON AND JESSICA SPOON, Appellees

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 27,442-B**

## M E M O R A N D U M   O P I N I O N

This appeal arises from a dispute that involves the sale of a home. Paul and Danielle Starr, Appellants, sold the home and the attendant real property located at 117 Prairie Moon Road in Abilene, Texas, to Kristopher and Jessica Spoon, Appellees. Shortly after the sale closed, and after Appellees had moved into the house, the septic system on the property showed signs of needing repair. Eventually, Appellees replaced the entire septic system at their own expense.

Appellees brought suit against Appellants asserting, among other claims, a claim for breach of contract. Appellees later moved for summary judgment on all asserted claims, but the trial court only granted partial summary judgment in favor of Appellees as to their claims for (1) breach of contract, (2) damages, and (3) attorney's fees. Appellees thereafter non-suited their remaining claims and Appellants appealed. Because Appellees failed to conclusively establish every element of their breach of contract claim as a matter of law, we reverse and remand.

## I. *Factual Background*

Appellees executed a contract with Appellants to purchase property located at 117 Prairie Moon Road in Abilene, Texas (the Property). The contract contained an "as is" provision. Before the sale closed, Appellants provided a seller's disclosure notice to Appellees, as required by the Texas Property Code.[1] The notice disclosed that the Property utilized a septic system. The notice also included a section in which the seller was asked: "Are you (Seller) aware of any item, equipment, or system in or on the Property that is in need of repair, which has not previously been disclosed in this notice?" Appellants responded "No" to this query.

Appellants also provided a form labeled "Information About On-Site Sewer Facility," which requested information regarding the Property's septic system's maintenance history. A question on the form asked for the approximate date on which the septic system's tanks were last pumped. Appellants responded "5/17." Furthermore, the form included the question: "Is Seller aware of any defect or malfunction in the on-site sewer facility." Appellants checked the "No" response box.

---

[1]*See* TEX. PROP. CODE ANN. § 5.008(a)–(b), (d) (West 2021). Appellants completed the seller's disclosure notice form promulgated by Texas Association of Realtors, which appears to be substantially similar to the statutory notice form. *See Sherman v. Elkowitz*, 130 S.W.3d 316, 320 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (noting that the disclosure notice promulgated by the Texas Association of Realtors is substantially similar to the § 5.008(b) notice form).

After the sale was closed in January of 2018, Appellees moved into the home; a short time later, they began experiencing problems with the septic system, which necessitated the retention of a repair service to pump and repair the system. The repair service informed Appellees that the system was in poor condition and might fail. A week later, because of continuing problems, the entire septic system was replaced.

Through the parties' respective real estate agents, Appellees inquired about whether the septic system had been pumped in May of 2017. Appellants again represented that it had. According to Appellants, this service had been performed by "Stinky Steve's Septic & Grease." However, Stinky Steve's had no record of servicing the septic system during that month or year. The owner of Stinky Steve's stated through a text message to Appellees' real estate agent: "I remember doing a job for Paul Starr but I don't remember how long ago it was seems like it was more than a year ago."

As a result of the complications that they encountered with the septic system, Appellees filed suit against Appellants asserting claims for (1) breach of contract, (2) violations of the Deceptive Trade Practices Act, and (3) common law and statutory fraud. Appellees later filed a traditional motion for summary judgment as to all claims that they had raised. In support of their summary judgment, Appellees attached the residential sales contract, the seller's disclosure notice, the "Information About On-Site Sewer Facility" form, an affidavit from Appellee Jessica Spoon, the invoices for the repairs and installation of the new septic system, and a quote for the landscaping costs of repairing the yard after the septic system had been replaced. The trial court granted partial summary judgment in favor of Appellees as to their breach of contract claim only, and this appeal followed.

## II. *Standard of Review – Summary Judgment*

We review a summary judgment de novo. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). When the trial court's order does not specify the grounds for its summary judgment, we will affirm if any of the theories raised in the motion are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

A party moving for summary judgment bears the burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(a); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). If the initial burden is met, the burden then shifts to the nonmovant to raise an issue of material fact. *See Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979)). In reviewing a traditional summary judgment, we consider the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

To prove their breach of contract claim, Appellees were required to conclusively establish each of the following elements: (1) the existence of a valid contract, (2) performance of the contract, (3) Appellants' breach of the contract, and (4) damages sustained as a result of Appellants' breach. *Stallion Oilfield Servs. Ltd. v. Gravity Oilfield Servs., LLC*, 592 S.W.3d 205, 214–15 (Tex. App.—Eastland 2019, pet. denied) (citing *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018)).

III. *Analysis*

In a single issue, Appellants contend that the trial court erred when it granted summary judgment in Appellees' favor on their breach of contract claim.

Appellants first argue that the "as is" provision in the contract conclusively negates the causation element of Appellees' claim and that, therefore, the trial court erred when it granted summary judgment in Appellees' favor. Conversely, Appellees contend that Appellants waived this issue for appellate review because it was never presented to the trial court for consideration. We agree with Appellees.

The "as is" provision at issue states:

**7. PROPERTY CONDITION:**

. . . .

D. ACCEPTANCE OF PROPERTY CONDITION: "As is" means the present condition of the Property with any and all defects and without warranty except for the warranties of title and the warranties in this contract. Buyer's agreement to accept the Property As Is under Paragraph 7D(1) or (2) does not preclude Buyer from inspecting the Property under Paragraph 7A, from negotiating repairs or treatments in a subsequent amendment, or from terminating this contract during the Option Period, if any.
(Check one box only)
[  ] (1) Buyer accepts the Property As Is.
[X] (2) Buyer accepts the Property As Is provided Seller, at Seller's expense, shall complete the following specific repairs and treatments: . . . .

Appellees checked the second box, which indicated that they accepted the Property "as is," provided that Appellants completed certain specified repairs that were unrelated to the septic system.

5

The Texas Supreme Court has held that where a contract contains an agreement to purchase property "as is," causation is generally negated as a matter of law. *Prudential Ins. Co. of Am. v. Jefferson Assocs.*, 896 S.W.2d 156, 161 (Tex. 1995). The theory behind this rule is that "[t]he sole cause of a buyer's injury in such circumstances, by his own admission, is the buyer himself. He has agreed to take the full risk of determining the value of the purchase."[2] *Id.*

Although the Texas Supreme Court has not determined which party bears the burden of proof regarding this issue, some of our sister courts of appeals have generally treated an "as-is" agreement as a defense that must be raised by a seller-defendant. *See, e.g.*, *Kupchynsky v. Nardiello*, 230 S.W.3d 685, 691 (Tex. App.— Dallas 2007, pet. denied) (referring to "as-is" clause as a "defense raised by the seller"); *see also* TEX. R. CIV. P. 94; *see also cf. Kupchynsky*, 230 S.W.3d at 697 (Moseley, J., dissenting) (interpreting the *Prudential* exceptions to be affirmative defenses raised by the buyer, rather than counter-defenses to the "as is" clause.); *Kawecki v. Int'l Bank of Commerce*, No. 14-01-01025-CV, 2003 WL 21782345, at *7 (Tex. App.—Houston [14th Dist.] July 31. 2003, no pet.) (mem. op.) (similar); *Procter v. RMC Capital Corp.*, 47 S.W.3d 828, 834 (Tex. App.—Beaumont 2001, no pet.); *Larsen v. Carlene Langford & Assocs.*, 41 S.W.3d 245, 253 (Tex. App.— Waco 2001, pet. denied) (same).

Once the seller-defendant has established the existence of such an agreement, the burden then shifts to the purchaser-plaintiff to prove that the agreement is invalid, whether due to "fraudulent representation . . . [or] other aspects of the transaction." *Prudential*, 896 S.W.2d at 162; *see Larsen*, 41 S.W.3d at 253 ("To successfully raise

---

[2]Notably however, an "as-is" agreement is not determinative in every circumstance. *Prudential*, 896 S.W.2d at 162 ("A buyer is not bound by an agreement to purchase something 'as is' that he is induced to make because of a fraudulent representation or concealment of information by the seller . . . other aspects of a transaction may make an 'as is' agreement unenforceable. The nature of the transaction and the totality of the circumstances . . . must be considered.").

the counter-defense of fraudulent inducement the buyer must present some summary judgment evidence."); *Welwood v. Cypress Creek Estates, Inc.*, 205 S.W.3d 722, 727 (Tex. App.—Dallas 2006, no pet.) (affirming summary judgment against the plaintiff who "did not . . . present evidence that the 'as is' clause was not part of the basis of the bargain"); *Rader v. Danny Darby Real Estate, Inc.*, No. 05-97-01927-CV, 2001 WL 1029355, at *5 (Tex. App.—Dallas, Sept. 10, 2001, no pet.) (mem. op.) (affirming summary judgment against the plaintiff whose "responsive summary judgment evidence . . . failed to raise a material fact issue" regarding, *inter alia*, circumstances surrounding the "as-is" agreement); *see also Savage v. Doyle*, 153 S.W.3d 231, 236 (Tex. App.—Beaumont 2004, no pet.).

"Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c); *see McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341, 343 (Tex. 1993); *Clear Creek Basin*, 589 S.W.2d at 678; *see also* TEX. R. APP. P. 33.1. Here, neither party presented nor asserted the alleged applicability of the "as-is" provision in their summary judgment filings. Therefore, because a seller-defendant bears the burden of initially raising this defense, we agree with Appellees that Appellants cannot now raise it for the first time on appeal. *See* TEX. R. CIV. P. 166a(c); *Ritchey v. Pinnell*, 324 S.W.3d 815, 823 (Tex. App.—Texarkana 2010, no pet.) (failure to raise the "as is" clause as a defense to an issue waives preservation as to that issue on appeal). Thus, Appellants' argument on this point fails.

Appellants further contend that the summary judgment evidence is insufficient and cannot support the grant of summary judgment as to Appellees' breach of contract claim. Specifically, Appellants contend (1) that no competent summary judgment evidence was presented by Appellees to support their claim for damages and (2) that, even if true, Appellees' summary judgment evidence does not conclusively establish that Appellants breached the contract as a matter of law. We

7

agree with Appellants and hold that, based on the record before us, Appellees failed to carry their summary judgment burden and conclusively show that Appellants breached the contract.

Here, Appellees' summary judgment evidence, even when taken as true, does not conclusively establish every essential element of their breach of contract claim as a matter of law. Appellees rely primarily on the affidavit of Jessica Spoon to purportedly show that Appellants breached the contract by failing to provide a home with the quality of septic system that was represented in the contract. In her affidavit, Jessica states that: (1) Key City Septic Services pumped and repaired the system, (2) Key City noted that the state of the system was "BAD" and the system may be failing or have already failed, (3) Key City told her that they thought the system had not been pumped in years, and (4) the system eventually failed and Key City replaced it at Appellees' expense.

However, Appellees also adduced evidence that Stinky Steve, the purported servicer of the septic system during the time that Appellants owned the Property, stated in a text message dated March 21, 2018—ten months after the estimated service date of May 2017—that he believed he had serviced the septic system "more than a year ago." This statement arguably undermines Appellees claim and tends to support Appellants' assertion that the May 2017 service date was only an approximation and made by them "to the best of their knowledge."

The applicable standard of review requires that we consider the evidence in the light most favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts against the movant. *Merriman*, 407 S.W.3d 248; *City of Keller*, 168 S.W.3d at 824. The evidence here, although scant, raises a genuine issue of material fact as to whether Appellants breached the contract by failing to provide a home with the quality of septic system that was represented. The summary judgment evidence presented by Appellees merely established that the

8

septic system failed shortly after they moved into the home and took possession of the Property. In light of the bare record before us, we cannot say that Appellees conclusively established as matter of law that the septic system was materially defective when they purchased the Property from Appellants.

Because Appellees failed to conclusively establish every element of their breach of contract claim as a matter of law, the trial court erred when it granted summary judgment in Appellees' favor.[3] Accordingly, we sustain Appellants' sole issue on appeal.

## IV. *This Court's Ruling*

We reverse the judgment of the trial court and remand this cause to the trial court for further proceedings in accordance with this opinion.



W. STACY TROTTER

JUSTICE


October 28, 2021

Panel consists of: Trotter, J.,
Williams, J., and Wright, S.C.J.[4]

Bailey, C.J., not participating.

---

[3]Because this holding is dispositive, we do not address Appellants' contention concerning Appellees' evidence of damages.

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.