# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00059-CV

---

**Levi Pate and Nicole Pate, Appellants**

**v.**

**Fun Town RV San Angelo, LP, Appellee**

---

### FROM THE 391ST DISTRICT COURT OF TOM GREEN COUNTY
### NO. D180534C, THE HONORABLE BRAD GOODWIN, JUDGE PRESIDING

---

## C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N

I respectfully concur in part and dissent in part. Fact issues preclude summary judgment on Levi and Nicole Pate's claims of failures to disclose. Otherwise, their claims of misrepresentations are properly disposed for the failure to raise a fact issue. And the warranty claims are properly disposed of under Fun Town's affirmative defense of disclaimer.

## BACKGROUND

Fun Town RV San Angelo, LP wanted to sell a 2017 model Vengeance travel trailer, but the trailer had a problem. Sliding one of its slide-outs[1] in or out could tear the linoleum flooring inside the trailer. To fix that problem, the slide-out needed another roller. Adding the roller—according to Fun Town's corporate representative—would mean that the slide-out

---

[1] A slide-out is a distinct part of a trailer that when extended increases the available living space inside the trailer. Slide-outs stay retracted when the trailer is driven on the road.

"wouldn't continue to rip the floor" and was the repair that the manufacturer recommended. The corporate representative admitted that although Fun Town repaired the linoleum, that repair did not fix the underlying problem with the trailer:

Q. Okay. But that just repairs the tear. It doesn't fix what's tearing, does it?

A. Correct.

. . . .

Q. Okay. But in reality [the trailer] wasn't ready, was it? Because you had to do other work later on to get it to where it would quit ripping the floor.

A. After the fact, correct.

That later work was to add the roller. But Fun Town did not make this repair before selling the trailer. It only patched the linoleum, then sold the trailer to the Pates.

The Pates went to Fun Town for a walkthrough of the trailer. According to Levi Pate, "[a]t no time did [Fun Town] disclose that the slide out had torn the linoleum floor and that they had fixed the tear but had not done any work or repairs on the slide out." Instead during the walkthrough, the slide-out stayed in the open position, with no one operating it. Levi Pate testified that if he had "known the items on the trailer were not working," including the not-yet-repaired slide-out, which he called a "defect," then he "would not have purchased the trailer."

The Pates took the trailer home, and the next day, Levi Pate prepped it for a trip. He opened the slide-out, and the linoleum ripped. Ripped linoleum is the same problem with the trailer that Fun Town faced before the walkthrough. He called Fun Town to report the problem, but because Fun Town would not look at the trailer for months, the Pates took their trip and afterward delivered the trailer to Fun Town. Only then did Fun Town add the roller. Its corporate

2

representative admitted that the defective slide-out existed on at least the day after the Pates took delivery because the representative answered "Correct" to this question: "So the Pates had a defect from about January 21, 2017, until supposedly it was fixed in the middle of April 2018?"

The Pates sued Fun Town, alleging DTPA claims of failure to disclose, misrepresentation, breach of warranty, and unconscionable conduct. The trial court granted Fun Town's hybrid motion for summary judgment, ruling that the Pates take nothing on their claims.

## STANDARDS FOR REVIEWING SUMMARY-JUDGMENT RECORDS

When we review a summary judgment, we "must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam). All evidence favoring the nonmovant must be taken as true. *United Supermkts., LLC v. McIntire*, 646 S.W.3d 800, 801 n.3 (Tex. 2022) (per curiam). We also disregard any evidence and any inference contrary to the nonmovant's position unless no reasonable factfinder could disregard it. *See Zive v. Sandberg*, 644 S.W.3d 169, 173 (Tex. 2022); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). All this means that "if the credibility of [an] affiant or deponent is likely to be a dispositive factor in the resolution of the case, then summary judgment is inappropriate." *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989), *quoted in Bertucci v. Watkins*, 690 S.W.3d 341, 358 (Tex. App.—Austin 2022, pet. granted) (en banc) (mem. op.). To review a summary-judgment record not in keeping with these rules is to act as a juror. *See IKB Indus. (Nigeria) Ltd. v. Pro–Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997) (fact-finding is inappropriate at summary judgment—"there are no facts to find" because summary

3

judgment stands or falls on presence of a "genuine issue as to any material fact" (quoting Tex. R. Civ. P. 166a(c))).

## DISCUSSION

### *Failure-to-Disclose Claims*

Applying the appropriate standards to the record here, I conclude that the Pates raised a fact issue on their claims for failures to disclose. The record includes evidence tending to show that Fun Town knew that a repair needed performing to fix the linoleum-tearing problem but did not disclose that matter or that the linoleum had been patched. *See Savage v. Doyle*, 153 S.W.3d 231, 236–37 (Tex. App.—Beaumont 2004, no pet.) ("If the seller knew a roof repair had been performed and did not disclose that fact to the buyer, that is some evidence from which it might be inferred that the seller was aware that the property had sustained water damage that his work on the roof corrected and that the seller concealed the water damage.").

When Levi Pate discovered the linoleum-tearing, he knew right away that the cause was a defective slide-out, so it's reasonable to infer that Fun Town had known right away as well but chose instead simply to patch the linoleum. The corporate representative admitted that the cause of the tearing was the slide-out; that the defect existed at least since the day after the Pates took delivery; and that simply patching the linoleum did not fix the underlying problem—the roller added later was needed. This chain of events is reasonably consistent with the view that Fun Town knew what the real problem was and simply patched the linoleum to hurry the sale along, thus calling into question the corporate representative's contrary testimony. When the Pates were at Fun Town, Fun Town left the slide-out in the open position and did not operate it even though Fun Town representatives otherwise conducted a walkthrough of the trailer that included going through many (or even all) of its systems, suggesting efforts to conceal the underlying problem. This

4

information is enough to allow reasonable and fair-minded people to differ in their conclusions about what genuine issues of material fact the summary-judgment record raises.

The conclusion to the contrary in the majority opinion can be reached only by acting as a juror to weigh certain items of evidence. It first rests on crediting testimony by Fun Town's corporate representative that is contrary to the Pates' position and that can be disregarded based on credibility. Such testimony gets no weight at summary judgment, yet the majority opinion relies on it.

The majority opinion also relies on selections from Levi Pate's deposition testimony but inappropriately draws inferences from the testimony contrary to the Pates' position. For example, Levi Pate testified that his questions were answered at the walkthrough, and the majority opinion apparently infers from that testimony that the trailer was not defective. That inference cannot be drawn at summary judgment. He also testified that during the walkthrough "[e]verything was opened up, all the slide-outs were opened and electricity was turned on." The majority opinion apparently infers from this testimony that Fun Town representatives operated the slide-out by sliding it in and out in Levi Pate's view and that no linoleum-tearing occurred. It's inappropriate to draw those inferences against the Pates—it's at least equally as reasonable that "the slide-outs were opened" means that they were in the open position when the Pates viewed the trailer. This testimony thus can't be used against the Pates like it's being used here.

Next are references to the Pates' pleadings, under the apparent view that the Pates' allegation of no *apparent* defects is a judicial admission against their position, and to signed statements about having inspected the trailer. But these items are not contrary to the Pates' position—not all defects are apparent, and the Pates' claim is that Fun Town failed to disclose a defect (and even acted to hide it from the Pates). That the Pates did not catch Fun Town in its

5

alleged deceptive trade practice is no reason to affirm a summary judgment against them on the claim.[2] Viewing the record in the light most favorable to the Pates should lead us to say that of course Levi Pate didn't find any defects on inspection—they were hidden from him, unobservable.

The evidence from the Pates' demand letter says, in full context: "On June 20, 2017, the Pates drove to San Angelo, signed the papers, and went through the walk through on the travel trailer. At that time everything worked. The linoleum was fine, the generator button worked properly and the refrigerator was represented to work."[3] These statements are consistent with the Pates' failure-to-disclose theory that the events of the day that they picked up the trailer were orchestrated so that they would not discover the defect in the slide-out, which was not operated while Fun Town personnel showed the Pates other systems of the trailer.

All the references to Fun Town's belief about a rock or nail being the cause of the tearing are beside the point. Crediting that evidence is failing to take as true the evidence favoring the Pates and failing to disregard evidence that can be disregarded as not credible.

The majority opinion's view of my analysis is that I have inappropriately stacked inferences and ignored some evidence. On the contrary, I have followed the summary-judgment

---

[2] Concluding otherwise is inconsistent with the purpose and operation of the DTPA. *See* Tex. Bus. & Com. Code § 17.44(a) ("This subchapter shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection."). The legislature has defined many failures to disclose as deceptive trade practices. *See id.* § 17.46(b)(24). That such a failure to disclose might have succeeded in deceiving a consumer is no reason to pour the consumer out.

[3] The majority opinion appears to put special emphasis on the statement that "everything worked." But it's because the slide-out worked—it slid in and out—that it could tear the linoleum. Viewing this statement in the light most favorable to the Pates, as we must, the statement indicates nothing more than that the slide-out could slide in and out and thus cause the linoleum to tear because the slide-out lacked the roller that was added later to fix the problem.

standards requiring that all evidence and reasonable inferences favorable to the nonmovant be credited and that all evidence and inferences contrary to the nonmovant's position be disregarded when it reasonably can be.

What we don't see in the majority opinion is which inferences in the Pates' favor are deemed to be unreasonable under the opinion's approach. The trailer had a defect when the Pates bought it—the corporate representative admitted as much by admitting that patching the linoleum would not fix the linoleum-tearing problem and that adding a roller would be needed, and it's reasonable to assume that that was the same problem that was tearing the linoleum pre-walkthrough. Levi Pate testified by affidavit that Fun Town did not tell the Pates about that defect. It's also reasonable to infer that Fun Town knew about the linoleum-tearing problem because the evidence showed that it knew that the linoleum needed fixing, Levi Pate knew right away what was causing the linoleum-tearing, and the manufacturer's recommendation for the problem was to add a roller. All this is reasonable to infer from the record, properly viewed. *See Leal v. McDonald's Corp.*, No. 03-05-00500-CV, 2009 WL 2410853, at *1 (Tex. App.—Austin Aug. 5, 2009, no pet.) (mem. op.) (Jones, C.J., dissenting) ("Appellate judges must be vigilant to avoid falling into the trap of concluding that since *they* are reasonable and fair-minded people, their particular view of the circumstantial evidence presented establishes the outer limits of what inferences can reasonably be drawn therefrom."). It thus defeats summary judgment on the failure-to-disclose claims.[4]

---

[4] The defective-trailer theory was not the Pates' only failure-to-disclose theory. Their other one is about Fun Town's alleged delays in repairing the trailer after the Pates returned it. Their opening brief cites, as one of the facts that defeats summary judgment, that "Fun Town intentionally did not tell Pate that it would take 2 to 3 months to get their travel trailer into the shop for repairs, such information only being provided to Pate after the purchase." This same argument

In rejecting the Pates' position, the majority opinion asserts that "it was undisputed that the slide-out functioned properly at the time of purchase." But the Pates very much dispute that. They tell us in their opening brief about the evidence of Fun Town's knowledge of the defect when they went to Fun Town to take delivery of the trailer:

> Fun Town also claimed that there was no evidence Fun Town had knowledge of the defect. It is undisputed that the slide-out tore the linoleum. As set forth above, it is also undisputed that Fun Town did not repair or inspect the slide-out mechanism. Fun Town knew there was a problem. Fun Town "hoped" that it was a nail or rock had gotten under the slide. Fun Town simply fixed the tear, not the slide-out.
>
> . . . .
>
> When Pate arrived to finish the final paperwork and pick up the travel trailer, Fun Town did not disclose to Pate of this malfunction/defect or even of the repair.
>
> . . . .
>
> Pate's travel trailer had this defect/malfunction from June 20, 2017[,] through at least mid April 2018.
>
> . . . .
>
> The slide-out malfunctioned, did not work properly and was defective.
>
> . . . .

was in the Pates' summary-judgment response. I conclude that the Pates raised a fact issue on whether there was any such failure to disclose because Levi Pate testified by affidavit:

> Further, at no time during the process from simply looking at trailers to purchasing a trailer did Defendant ever tell us that in case of a repair it would take anywhere from 2 to 3 months before they could even see it or inspect the trailer. That fact alone would have caused me not to purchase a trailer from them.

Whatever other problems that a failure-to-disclose claim based on this theory may have, it is still a theory about a failure to disclose information about repair services. Thus, because the majority opinion's rejection of the failure-to-disclose claims addresses only the defective-trailer theory, it errs by leaving this separate theory unaddressed.

Fun Town alleges that as a matter of law it did not know that the slide[-]out had a defect or malfunctioned when the Pate[s] purchased the travel trailer. That argument is simply wrong. It is undisputed that Fun Town knew the slide-out had malfunctioned and ripped the linoleum because Fun Town noticed the tear and then repaired the same during the make ready. To cover up the tear, Fun Town replaced the linoleum. It is undisputed that the Fun Town did not inspect or repair the slide-out itself. The slide-out was defective but was not repaired. It is also undisputed that the Fun Town did not inform Pate of the linoleum tear nor of the malfunction and no inspection or repair of the slide-out. With these undisputed facts, Fun Town fails to prove as a matter of law that there is no genuine issue of material fact as to Fun Town's lack of knowledge.

. . . .

At the very least, Fun Town knew they had not inspected nor examined the slide-out for defects. The slide-out had operated defectively and tore the linoleum. Fun Town covered it up and failed to disclose to Pate.

(Formatting altered.) The existence of a defect in the trailer when the Pates picked it up, Fun Town's knowledge of that defect, and its failure to disclose it to the Pates are all integral to the failure-to-disclose claims as pleaded. The Pates have not conceded these matters away.

*Misrepresentation claims*

Concerning alleged misrepresentations, I concur only in the relevant portion of the judgment. The Pates' arguments against summary judgment for these claims are based on the evidence that they attached to their summary-judgment response and thus whether they carried the nonmovant's burden to raise a genuine issue of material fact about any misrepresentations. The evidence they attached was deposition testimony by Fun Town's corporate representative and an affidavit by Levi Pate. Therefore, to overrule their relevant issue, we should discuss the relevant portions of the corporate representative's deposition and of Levi Pate's affidavit and decide whether that evidence raises a genuine issue of material fact on actionable misrepresentations.

9

After reviewing that evidence, I conclude that the Pates did not discharge their summary-judgment burden, and on that basis I would affirm the relevant portion of the summary judgment.

For the alleged misrepresentations that the Pates identify in their briefing but the majority opinion disposes of without analysis—that Fun Town allegedly misrepresented that it "is performing a make ready on the travel trailer," that the trailer was "new," and that the trailer "had been checked out and made ready"—I would dispose of those misrepresentation claims as well on the ground that the summary-judgment record does not raise a genuine fact issue.

**_Warranty claims and disclaimer_**

Under Fun Town's affirmative defense of disclaimer of warranties, I concur with the decision to treat the Pates' position as advancing only claims for breach of the implied warranty of merchantability and no other kind of warranty. I also concur with affirming traditional summary judgment on the Pates' warranty claims. The Pates have not presented any successful challenge to the disclaimer in this language from the parties' contract: "THE DEALER HEREBY DISCLAIMS TO THE EXTENT PERMITTED UNDER APPLICABLE STATE LAW ALL WARRANTIES EXPRESSED OR IMPLIED INCLUDING ANY IMPLIED WARRANTY OF THE MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE."[5]

**_Claims of unconscionable course of action_**

In overruling the relevant portions of the Pates' issues about whether they raised fact issues to defeat summary judgment on their claims for an unconscionable course of action, _see_ Tex. Bus. & Com. Code § 17.50(a)(3), the majority opinion rests on its prior conclusions about

---

[5] The "as is" clause over which the parties join issue is a different provision of the parties' contract from this one that I rely on.

the Pates' misrepresentation and failure-to-disclose claims.  Because I cannot join those portions of the majority opinion, I cannot join this portion about unconscionable conduct either.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Filed:   August 30, 2024

11